Weeks v. Medler.

## W. T. WEEKS v. CHARLES MEDLER.

1. CASE-MADE; *Notice Required; Time for Settling; Duty of Judge.* Where the court below, after a case is disposed of in that court, gives three days to make a case for the supreme court, and the case is served on the opposite party on the day such order is allowed, and on the same day the case is presented to the judge for settlement, and is on that day (and on the very day on which it is served,) settled, certified, signed, attested, sealed, and filed with the papers in the case, without notice to or suggestion of amendments, or appearance by the opposite party, the pretended case-made is erroneously settled and signed, and the petition in error founded thereon presents no case for any review of the proceedings of the court below by the supreme court.

2. ——— The making and serving of a case, are the acts of the plaintiff in error; the suggestion of amendments, the act of the defendant in error; and the settling and signing of the case, the duty of the judge.

3. ——— The jurisdiction of the judge to settle the case, is a special and limited jurisdiction, which only arises at the times, and under the circumstances, specified by law; and in the absence of any appearance of the opposite party, or a waiver of amendments, it should appear upon the face of the record, first, that the case had been duly served, and second, that amendments had been suggested, or waived, or, that the opposing party had notice of the time and place of the settling of the case.

*Error from Neosho District Court.*

MEDLER sued *Weeks* before a justice of the peace, counting on a promissory note given by *Weeks* to A. Sumner, and

28—18 KAS.

by Sumner indorsed to *Medler.* The case was appealed to the district court by *Weeks,* and was there tried at the December Term 1875. A verdict was returned for *Medler.* A motion for a new trial was overruled, and judgment given on the verdict, on the 4th of January 1876. From this date, the facts and proceedings will fully appear in the opinion, *infra. Weeks* brings the case here by petition in error. Defendant in error contends that there is no proper record attached to the petition in error.

*L. Stillwell,* for plaintiff in error.

*C. F. Hutchings,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This case is presented to this court on a petition in error, and what the clerk of the court below certifies as "a true and correct copy of a case-made." The counsel for defendant in error raises the question, that the case-made was not properly signed and settled as provided by law, as the defendant in error was deprived of opportunity to suggest amendments, and to present the same as authorized by sec. 1, ch. 114, laws of 1871, page 274. The judgment in the case was rendered on January 4th 1876; and thereupon counsel for Weeks "asked for three days from said date to make a case for the supreme court, which for good cause shown, was by the court granted and allowed." On the same day, January 4th, the said counsel for Weeks presented to the court what purported to be a true and correct case-made, and asked the court to sign and allow the same; and the record shows the following action:

"Said case-made having been duly served on counsel for plaintiff (defendant in error in this court) for suggestion of amendments, and the court having carefully examined the same, and being satisfied that it is in all respects true and correct, does thereupon on the day last aforesaid, (January 4th 1876,) sign, settle, and allow the same, and orders that it be made a part of the record herein. Given under my

hand in open court, at Erie, the day and year last above written.                                              PETER BELL, *Judge.*
"*Attest,* JOHN D. COREY, *Clerk.*"

And said "case-made" bears the indorsement, "Filed, Jan. 4th 1876." The record nowhere shows that the defendant in error was present in court when the case-made was presented, or signed, or that the defendant had examined the case, or offered or declined to suggest amendments thereto, or ever assented by himself or counsel to such case being settled or signed, or filed, or had any notice that such case-made would on that day be presented for settlement. Under these circumstances we cannot pass upon the questions presented in the brief of counsel for plaintiff in error, as the paper attached to the petition in error is no copy of a legal case-made, within the purview of the statute. In *M. K. & T. Rly. Co. v. City of Fort Scott,* 15 Kas. 435, it was held, that "the making and serving of a case, are the acts of the plaintiff in error; the suggestion of amendments, the act of the defendant in error; and the settling and signing of the case, the duty of the judge;" and that the statute relating to a case-made "may be read so as to mean that the three days in which to suggest amendments shall be three days after the actual service of the case, and not after the time given in which to serve;" but that the construction, "making the three days to commence upon the expiration of *the time given* for making and serving the case, while equally warranted by the language is more in harmony with the definitions and regularity of judicial proceedings, and therefore to be preferred." In this case, the defendant in error had neither the three days after the actual service of the case, nor three days after the time given in which to serve the same, to suggest amendments, as the case was asked for, allowed, served, settled, attested, sealed, signed, and filed, all on the same day. The defendant in error was thereby debarred of his rights provided in the section of the law making provision for a case-made. The purpose of the plaintiff in error, asking and obtaining the leave of the court for three days' time in which to make

a case, in view of the facts presented, is to us inconceivable. But having attempted to make and serve a case, he had no right, without the consent or appearance of the defendant in error, and without notice to him, to so hasten the proceedings as to have the case settled, signed, and filed on the day of its service on the opposite party. This was in violation of all rules of construction of said section 1, ch. 114, laws 1871. The case-made has no validity; and as a conclusion, the result is reached, that there is nothing before this court upon which it can properly act to review the alleged errors of the district court.

The fact that the record shows that the case-made was signed in open court, does not aid the legality of the paper filed, as the settling and signing of a case-made is an act of *the judge*, and not a part of the proceedings in a suit of *the court*, technically speaking; and in this case the paper was signed by the *judge*. It is true, as the less is included in the greater, the court has like power to settle a case-made; but as it may be settled by the *judge*, in court, or out of court, we cannot hold that a party is bound to be in attendance upon the court all the time from the service of a case-made till it is settled; nor can we presume that the settling and signing of a "case-made" by a judge, is with the consent or appearance of the opposite party, where there is nothing in the record affirmatively showing this fact. The mere signature of the district judge to the paper, a copy of which is presented to this court, as a case-made, is not a sufficient showing that the prerequisites to make the case a valid one, were complied with. The jurisdiction of the judge to settle the case, is a special and limited jurisdiction, which only arises at the times, and under the circumstances, specified by law; and in the absence of any appearance of the opposite party, or a waiver of amendments, it should appear from the record, that the case had been duly served, and that amendments had been suggested, or waived, or, that such opposing party had notice of the time and place of the settling of the case. In other words, the record should show affirmatively, the

previous steps necessary to the settlement of the case, in the absence of the appearance, or waiver thereof, by the opposing party.

The counsel for plaintiff in error has sought to complete and perfect the case-made by filing in this court a certified copy of the amended bill of particulars, and also a certified copy of the judgment in the case; but these papers in no way cure the fatal defects in the original case-made, and give it no new vitality.

Counsel for plaintiff in error suggests, that if the case-made was improperly settled and signed, that the pleadings and bills of exceptions present a full record of the proceedings of the district court, and thereon, that this court can review such proceedings. Unfortunately for the suggestion, the only paper filed with the petition in error is what purports to be a certified copy of a case-made. There is not attached to any paper in the case in this court any certificate of the clerk of the district court showing that a transcript of the proceedings of the court below is here, and there is no certificate of the clerk stating that any copy of any bill of exceptions is filed in the case. The clerk certifies that we have a true and correct copy of the case-made, as the original is now of record at his office. This, and nothing more.

The case will therefore be dismissed.

All the Justices concurring.