THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. MARY E. GREENWOOD, as *Administratrix of Benjamin L. Greenwood, deceased.*

1. RECORD ON APPEAL—*Case-made—Settlement.* A case-made must contain a complete record, or so much of the proceedings on the trial of the case as will fully show the errors complained of, and the case so made must show affirmatively that all the prerequisites of the law have been complied with in the making, serving, suggesting amendments, and certificate thereto, and that each of the parties was either present at the signing and settling of the case-made or had notice thereof or waived notice. All these facts must appear in the record, and a reviewing court cannot consider or notice any matters which do not appear in the record.

2. CASE-MADE, *not Shown to be Valid.* Where a case-made was duly served on the adverse party within the time fixed by the order of the court in extending time to make and serve a case for a higher court, and the same was afterward signed and settled by the judge who tried the case in the absence of the adverse party, and the record does not show that notice was given him of the time and place that such case would be presented for signing and settlement, and no waiver of notice is shown, it is not a sufficient showing that the necessary prerequisites have been complied with to make it a valid case-made.

MEMORANDUM.—Error from Neosho district court;
L. STILLWELL, judge.   Action by Mary E. Greenwood
against the Missouri, Kansas & Texas Railway Com-
pany to recover damages for the alleged carelessness
and negligence of the defendant company in causing
the death of her husband.   Judgment for plaintiff.
The defendant brings the case to this court.   Dis-
missed.   Opinion filed August 6, 1895.

The statement of the case, as made by JOHNSON, P.
J., is as follows :

On the 4th day of April, 1892, Mary E. Greenwood,
as administratrix of Benjamin L. Greenwood, deceased,
filed her petition in the district court of Neosho county,
Kansas, against the Missouri, Kansas & Texas Rail-
way Company.   The action was for carelessness and
negligence in causing the death of the said Benjamin
L. Greenwood, in the yards of the railway company,
at Parsons, Kas., on the 6th day of November, 1891.
On November 7, 1892, the case was tried before the
court and a jury, and the jury returned a verdict in
favor of the plaintiff against the railway company for
the sum of $2,000, and judgment was thereupon ren-
dered on said verdict against the railway company for
said sum, and the railway company excepted thereto
and filed its motion for a new trial, which was, on the
5th day of December, 1892, overruled.   Exceptions
were saved thereto, and 60 days' time was given the
railway company to make and serve a case for the
supreme court, and the plaintiff below was given 20
days thereafter to suggest amendments thereto, and
the case to be settled on three days' notice.   The case
was made and served on the attorney for plaintiff be-
low on the 1st day of February, 1893.   On the 9th

day of February, 1893, the attorney for the plaintiff below returned the case-made to the attorney for the railway company without suggesting any amendments thereto. On the 20th day of February, 1893, the case so made was, by the attorney for the railway company, presented to Judge Stillwell, who tried the case, for his signature and settlement, and owing to pressure of other official duties the judge was unable at that time to examine the case, and deferred the settlement until some more convenient time, and afterward, on the 25th day of February, he signed and settled the case, and attached the following certificate thereto:

"The state of Kansas, county of Neosho, ss. :

"And now on this 20th day of February, 1893, comes the defendant, and presents the above and foregoing as its case-made, and asks to have the same signed, settled, and allowed as such. Owing to the pressure of other official duties, I could not examine said case-made on said 20th day of February, and I therefore deferred the matter until a more convenient time. And now on this 25th day of February, 1893, having carefully examined said case-made, and it appearing that the same was duly served on the attorney of the plaintiff for suggestion of amendment in due time, and that said attorney returned it without suggesting any amendments, and I finding that said case-made is true and correct, that it contains all the pleadings, evidence, instructions asked and refused, instructions given by the court, all orders made by the court, and all the proceedings had in said cause ; it is therefore considered and ordered that the above and foregoing case-made be, and the same hereby is, settled, allowed and signed by me ; that the same be attested by the clerk of this court, and that he attach thereto the seal of the court, and that the same be filed with the papers in said cause. I further certify that neither the plaintiff nor her attorney was present when said case-made was presented on February 20, 1893, nor at any time since, and that no notice was given to

either of the settlement of said case, so far as has been shown to me, except such as may be gathered or inferred from the letter of Mr. Byrne, plaintiff's attorney, to me, which letter is hereto attached, marked 'A', and is hereby referred to.— L. STILLWELL, *Judge.*

"Attest: JOHN F. ROWE, *Clerk District Court.*"

"A.

" PARSONS, KAS., February 25, 1893.

"*Hon. L. Stillwell, Erie, Kas.:* DEAR SIR — In the Greenwood case, Mr. Sedgwick called upon me and informed me that you wished me to write you in relation to notice I may have had of the settling of the case-made. The facts are these : I received the case-made from Mr. Sedgwick on February 1, as my acknowledgment thereon shows. I returned it to him on the 9th of the same month without suggestion of amendments. Mr. Sedgwick then said that you were at Fredonia, and that he did not suppose either of us wanted to go there, and that he would wait until you returned to Erie, and as soon as he ascertained that fact he would notify me and we could both go up to Erie and have the case-made settled. On Saturday, February 18, about five minutes before train time, Mr. Sedgwick's assistant, Mr. Scott, called at my office and informed me that he was going to Erie on the incoming train to have the case settled, to which I did not agree, and did not go, as the notice was too short. On last Monday Mr. Scott informed me that he had gone to Erie, but did not find you there, and had left the case-made with Mr. Denison. On Tuesday, February 21, Mr. Sedgwick handed me an agreement waiving service of notice, and 'stipulating that case-made might be signed by you on your return to Neosho county without notice to me.' I took this agreement and have it now, but did not sign it. I presume it was for the purpose of being dated back and waiving service of legal notice. I was under the impression that I had filed an amended petition in this action, as my office copy does not correspond with the one incorporated in the case-made ; but I did not wish to make a suggestion of an amend-

ment to that effect for the reason that the record would show just what was filed, and could be corrected at time of settlement. Now, in relation to this matter, I do not wish to give away any legal rights I may have on the question of notice of time of settlement, or to assist the plaintiff in error in any oversight they may have made. I am of the opinion that the railroad company have got all, and, in fact, more than they were entitled to, and are simply taking the case to the supreme court for the purpose of delay, and to discourage other litigants in similar actions. This, in effect, Mr. Sedgwick admitted to me, and Mr. Denison said, immediately after the verdict, that the railway company ought to be satisfied, and that he would advise them to pay it. I write thus fully in order that you may understand that I am not at all inclined to any 'sharp practice,' but under the circumstances of the case, I do not think I ought to waive any *laches* on the part of the plaintiff in error, if any has been made by them. I leave the matter in this condition for you to act in the matter, saying in advance that what you do will be satisfactory to me. Remaining respectfully yours, M. BYRNE.''

On the 12th day of September, 1893, the railway company filed its petition in error, with the case-made attached, in the supreme court of Kansas, as case No. 9298. On the 5th day of March, 1895, by order of the supreme court, the case, with all papers therein, was duly certified down to the appellate court of the southern department, eastern division, for decision. On the 5th day of April, 1895, Mary E. Greenwood, administratrix of Benjamin L. Greenwood, deceased, filed her motion to dismiss the petition in error, for the following reasons : (1) That the pretended case-made was never legally presented for signing and settlement ; (2) said pretended case-made was never legally settled, nor signed by the judge of the court below ; (3) that said case-made was not presented for

settlement in due time ; (4) the certificate of the judge to said case-made is illegal and insufficient in law ; (5) the said pretended case-made does not contain a complete record of the proceedings in the court below, nor a sufficient part thereof to present error.

There were three affidavits made and filed in this case relative to agreement and notice of the settlement of the case, as follows :

"T. N. Sedgwick, of lawful age, being first duly sworn, deposes and says : That he is the general attorney of the Missouri, Kansas & Texas Railway Company in the state of Kansas ; that he had the active control and management of the defense of said company in the above-entitled cause in the district court of Neosho county, Kansas ; that after the judgment had been rendered in said cause, the court gave the plaintiff in error time in which to make and serve a case-made, and also gave the defendant in error time in which to suggest amendments thereto. Affiant says that the case-made was prepared and served within the time given by the court upon M. Byrne, the attorney for the defendant in error ; that the said M. Byrne did not return the case-made within the time given him by the court to suggest amendments, and when he did return it he made no suggestions of amendment of any kind whatever ; that this affiant prepared a notice of presentation of the case to the Hon. L. Stillwell, judge of the district court of Neosho county, Kansas, at his chambers in Fredonia, Kas., where he was then holding court ; that after service of notice of presentation of said case to said Stillwell for allowance and settlement as a true and correct case-made, the said M. Byrne requested this affiant not to present the case to Judge Stillwell at Fredonia, but to wait until said Stillwell should return to Erie, stating that he had made no suggestions of amendment, yet he did not believe the petition incorporated in the case-made was correct, and desired to be present when the case-made was settled and signed for the purpose of presenting that objec-

tion to Judge Stillwell. Affiant told said Bryne he would do so, provided Judge Stillwell would return within the time the case was to be signed and settled. Mr. Byrne said he would waive both time and place if affiant would wait until Judge Stillwell returned to Erie from Fredonia, stating that he was poor and did not have the necessary money to pay his expenses to Fredonia and back, and that the railroad company ought not to go there. Affiant told Mr. Byrne that he would do anything in the world to accommodate him, and asked him to waive notice of time of settlement, whereupon said Byrne sat down and commenced to write a waiver, but then stated that as he was going to be present when the case was settled and signed, there was no necessity of any waiver, as his presence would be a waiver, and that affiant need have no fear of his attempting to take any advantage of said affiant, because he was satisfied the case-made was correct, except that he thought he had filed an amended petition, and the one set out in the case-made was not an amended petition. Affiant then informed said Byrne that he, affiant, was going away and might not return as soon as Judge Stillwell returned, but that affiant would leave the case-made with affiant's assistant, Mr. Scott, who would give Mr. Byrne all the notice it was possible to give of Judge Stillwell's return. Mr. Byrne said that all the notice he required was simply to be informed in time to get to the train, and that he would go up with Mr. Scott; or, if affiant did not desire to send Mr. Scott, that he, Byrne, would take the case-made up to Erie and present it for affiant, as a matter of accommodation, provided affiant would consent that if the petition incorporated in the case-made was not correct that he, Byrne, might attach a correct copy, to which affiant consented, and left the case with Mr. Scott to be taken to Erie, where Judge Stillwell resides, at such time as Judge Stillwell should return. As to what took place between Mr. Scott and Mr. Byrne affiant is not informed further than is set forth in the affidavit of Mr. Scott on file in this matter. A few days

after the case had been presented, affiant received a letter from Judge Stillwell asking for waiver of notice from Byrne. Affiant prepared a waiver, and met Mr. Byrne at Oswego, in attendance upon the district court, and presented him with waiver. Mr. Byrne said he would sign waiver, except that he thought the time had expired in which to settle case, and if it had he desired to take advantage of it. Affiant told him it had not expired, and requested him to sign and return the waiver. Mr. Byrne told affiant that he, Byrne, had a memorandum at his office, and that he was going up to Parsons at noon that day, and would consult his memorandum, and, if the time had not expired, would sign the waiver and forward it to Judge Stillwell himself for affiant. Affiant says that he saw Mr. Byrne the next day, and asked him if he had sent the waiver to Judge Stillwell, as he promised. Mr. Byrne replied that he had not, that he had mislaid it among his papers, but that he had written Judge Stillwell a letter, in which he had said to him that if the case-made was all right, and the time had not expired, he, Byrne, had no objections to his, Judge Stillwell, signing it at any time. Affiant immediately wired to Judge Stillwell to know if Mr. Byrne had forwarded a waiver or letter amounting to a waiver, and received in reply the case-made duly signed with Mr. Byrne's letter attached, and a letter from Judge Stillwell to affiant stating that he had received a letter from Mr. Byrne which he regarded and treated as a waiver. Affiant says that he is unable to find said letter from Judge Stillwell among his papers in the case, or among his letter-files, and supposes it has been lost, as he did not regard it of any importance after the case-made had been signed and settled, as Mr. Byrne having frequently stated that as Judge Stillwell had signed the case, he did not desire to question it further. Affiant further states that the letter attached to the case-made, as affiant believes, is the letter written to Judge Stillwell, in which said Byrne claimed, in conversation with affiant, he had told Judge Stillwell he waived notice of

22—APP.

presentation and signing of the case. Further affiant saith not.—T. N. SEDGWICK."

"State of Kansas, county of Labette, ss.:

"M. Byrne, being duly sworn, says: That he is the attorney of record in the case of Mary E. Greenwood, widow of Benjamin L. Greenwood, deceased, plaintiff, against the Missouri, Kansas & Texas Railway Company, defendant, in the district court of Neosho county, Kansas, the same case in the supreme court of this state being entitled the Missouri, Kansas & Texas Railway Company, plaintiff in error, against Mary E. Greenwood, widow of Benjamin L. Greenwood, defendant in error; that in the pretended settlement of the case-made before L. Stillwell, judge of the district court of Neosho county, Kansas, there was made a verbal agreement between Mr. Sedgwick, attorney for defendant below, and myself, whereby we agreed to go together to Erie, the county-seat of Neosho county, which is some 20 or 30 miles distant from the residence of Mr. Sedgwick and myself, for the purpose of making such settlement of case-made within the time given for settlement, amendments, etc., by law and the court, and that Mr. Sedgwick would give me reasonable notice of a time when we could both conveniently go to Erie as aforesaid. This agreement was made a few days after time given for making a case for the supreme court. Mr. Scott, an assistant attorney to Mr. Sedgwick in his office, afterward called upon me, being about 20 minutes to train time, one Saturday, requesting me to accompany him or Mr. Sedgwick to Erie for the purpose of settling the case-made as above. I did not go, as the notice was not in accordance with our agreement and understanding and as being too short. I was some time afterward informed by Mr. Sedgwick that no settlement had been made at the time or place by reason of the absence of Judge Stillwell. Meanwhile, and about this time, Mr. Sedgwick, of his own motion, attempted to settle the case-made without any further notice to me, either verbal or written. As I now understand it, Judge Stillwell refused to

make settlement of case-made in the manner proposed by Mr. Sedgwick. He, Mr. Sedgwick, thereafter called upon me, and stated that Judge Stillwell desired me to write the letter to him, which is appended to the case-made, giving me an outline of what (he said) Judge Stillwell wanted me to write, and partially dictating the same. I have since been given to understand and believe that Judge Stillwell did not request any such letter, or, at least, not in the manner indicated by Mr. Sedgwick. I desired and intended by said letter to clear myself with Judge Stillwell of any imputation of unfairness toward Mr. Sedgwick in the verbal agreement to go with him (Mr. Sedgwick) or Mr. Scott to Erie. At the time of writing said letter, my recollection is that I was not aware that a settlement had been attempted to be made at another and a different time and place than the one at Erie and without further notice to me. No waiver, other than as filed with said case-made, or as contained in the letter written by me to Judge Stillwell, has been made or intended to be made by me of my rights in said action, nor was any notice served upon me nor accepted of time and place of making amendments, etc., to case-made, other than as contained in said case-made; and at no time or place and in no manner did I waive my right to suggest amendments to said case-made during the time allowed me by law to make such amendments. My impression at the time was that the copy of the petition, as filed with the case-made, did not correspond with my office copy, and that I had amended said petition, which did not appear in the case-made, for which reason I intended to suggest it with other amendments to the case-made, and for which I distinctly reserved all my legal rights. I hereby append an attempted notice served on me at Oswego, Kas., February 21, 1893, at 9 o'clock A. M., being Tuesday, and which, to the best of my recollection and belief, I did not accept or sign; said pretended notice being handed me by Mr. Scott, above named, and for the purposes of this settlement.—M. BYRNE."

"State of Kansas, county of Labette, ss. :

"James R. Scott, being first duly sworn, deposes and says : That he is a resident of Parsons, Labette county, Kansas ; that he is employed in the office of T. N. Sedgwick, general attorney for Kansas of the Missouri, Kansas & Texas Railway Company, as stenographer, at Parsons, Kas. ; that on the 20th day of February, 1893, pursuant to his instructions, he went to the office of M. Byrne, in Parsons, Kas., and told said Byrne that he (Scott) was going to Erie, Kas., to present the case-made for signature and settlement in the case of Missouri, Kansas & Texas Railway Company, plaintiff in error, against Mary E. Greenwood, defendant in error, to Hon. L. Stillwell, judge of the district court of Neosho county, Kansas, in conformity with the arrangement made between said Byrne and said Sedgwick at some time prior thereto ; that at the time affiant went to the office of said Byrne it was about 10 o'clock A. M. ; that the train on which affiant proposed to go to Erie on said day was due to arrive at Parsons at 11 : 40, but did not do so until 11 : 50, and left about 12 noon, or soon thereafter ; that said Byrne made no objection whatever to the time, or said anything further than that he did not think it necessary for him (Byrne) to go to Erie, and that he would not go. Affiant says that said Byrne made no statement or complaint to him about the insufficiency of the notice, and said nothing about his being unable to go to Erie because thereof, but simply said that he did not think it necessary for him to be present. Further affiant saith not.—JAMES R. SCOTT."

*T. N. Sedgwick*, for plaintiff in error.

*M. Byrne, A. B. Switzer*, and *Welch & Wilson*, for defendant in errror.

The opinion of the court was delivered by

JOHNSON, P. J. : The only question raised by the motion to dismiss this case is as to the matter of no-

tice of the time and place of signing and settling the
case-made. The statute in relation to proceedings to
review a judgment of the district court provides that—

"A party desiring to have any judgment or order
of the district court, or a judge thereof, reversed by
the supreme court, may make a case, containing a
statement of so much of the proceedings and evidence
or other matters in the action as may be necessary
to present the errors complained of to the supreme
court.

" The case so made, or a copy thereof, shall, within
three days after the judgment or order is entered, be
served upon the opposite party or his attorney, who
may within three days thereafter suggest amendments
thereto in writing and present the same to the party
making the case or his attorney. The case and
amendments shall be submitted to the judge, who
shall settle and sign the same."

"The court or judge may, upon good cause shown,
extend the time for making a case and the time within
which the case may be served; and may also direct
notice to be given of the time when a case may be
presented for settlement after the same has been made
and served and amendments suggested, which when
so made and presented shall be settled, certified and
signed by the judge who tried the cause; and the case
so settled and made shall thereupon be filed with the
papers in the cause." (Gen. Stat. of 1889, ¶ ¶ 4648,
4649, 4650.)

It then becomes the record of the case for review in
the higher court, and the reviewing court cannot con-
sider or notice any matter not contained in the record.
The case-made should contain so much of the pro-
ceedings had as are necessary to present to the court
the error complained of from the commencement of
the case up to and including the signing, settlement
and certificate of the judge. The case-made in this
case contains a complete statement of all the proceed-
ings from the filing of the petition to the presentment

of the case to the judge for signing and settlement thereof; but it fails to show that any notice was given to the plaintiff below, or her attorney, of the time at which the case would be presented to the judge for signing and settlement; and the judge, in his certificate, states that "neither the plaintiff nor her attorney was present when the case-made was presented on February 20, 1893, nor at any time since, and that no notice was given to either of them of the settlement of said case, as far as has been shown to me, except such as may be gathered or inferred from the letter of Mr. Byrne, plaintiff's attorney, to me," which letter the judge attaches to his certificate marked "A," and makes it a part of the case-made. The question then arises whether the letter shows such notice as would authorize the signing and settlement of the case in the absence of the plaintiff below, or her attorney. After reciting certain matters, the letter says: "Now, in relation to this matter, I do not wish to give away any legal rights I may have on the question of notice of the time of settlement, or to assist the plaintiff in error in any oversight they may have made." This is an express refusal to waive the notice of the time of settlement. The letter shows plainly that the attorney for plaintiff below had been informed that the case-made was in the hands of the judge for signing and settlement, but he is not informed as to when the matter will be taken for disposition by the judge.

We do not think this letter contains such statements as the judge could infer that notice had been given such as would authorize the judge to sign and settle the case-made in the absence of the defendant in error or her attorney. The reason that notice is required to be given to the adverse party, is that he

may be present and have such amendments inserted in the case-made as he may have suggested, and also to object to the signing of the case as prepared by the other party. The attorney for the defendant in error had been duly served with the case-made, and had the case in his possession for eight or nine days, and returned it to the plaintiff in error without the suggestion of any amendments thereto ; but he stated in his letter to the judge that he thought he had filed an amended petition upon which the case was tried, and the case-made did not contain it, and he thought the record would show it, and it could be inserted when the case was settled ; and that was the reason that he did not make out and suggest any amendments in writing. The attorneys for each party filed affidavits with the court in relation to notice and verbal agreements between them in relation to the signing and settlement of the case-made ; but we cannot consider evidence outside of the record in relation to agreements or verbal notice of signing and settlement of the case.

We are satisfied that the attorney for plaintiff in error was in good faith attempting to make and present a fair and honest case-made, and that he relied upon the promises and statements of the attorney for the defendant in error that no advantage would be taken in the matter of signing and settlement of the case ; that all formalities in relation thereto would be waived ; that he would appear at any time and waive all such matters of time or notice ; but in this he seems to have been deceived. It may not have been professional courtesy in an attorney to violate his verbal promises or agreements and then take advantage of the confidence reposed in his agreement, but then, it was the duty of the plaintiff in error to see that his case was made in all respects according to the

requirements of the statute, and that it was certified within the time allowed by the order of the court; and it was the duty of the attorney for defendant in error to suggest amendments in writing and serve them on the attorney for plaintiff in error; and, when there are no amendments suggested in writing and the case is returned to the attorney for plaintiff in error, then, if he desires the case signed and settled, it is his duty to see to it that the defendant is notified, or else procure his waiver in writing, so that the notice or waiver of notice may be made a part of the record. He should not rely upon the unreliable statements of his adversary.

In the case of *Weeks v. Medler*, 18 Kas. 428, HORTON, C. J., delivering the opinion of the court, says:

"The mere signature of the district judge to a paper, a copy of which is presented to this court as a case-made, is not a sufficient showing that the prerequisites to make the case a valid one were complied with. The jurisdiction of the judge to settle the case is a special and limited jurisdiction, which only arises at the times and under the circumstances specified in the law; and, in the absence of any appearance of the opposite party or a waiver of amendments, it should appear from the record that the case had been duly served, and that amendments had been suggested or waived or such opposing party had notice of the time and place of the settling of the case. In other words, the record should show affirmatively the previous steps necessary to the settlement of the case, in the absence of the appearance or waiver thereof, by the opposing party."

This case-made, having been signed and settled in the absence of the plaintiff below, or her attorney, and no notice of the time and place of signing and settling the same having been given them, the case will be dismissed at the cost of plaintiff in error.

All the Judges concurring.