LaQuincy Phillips *et al.* v. J. Mack Love *et al.*

No. 136.

Case Made—*Service and Settlement.* Where a case made was duly served on the adverse party within the time fixed by the order of the court extending the time in which to make and serve a case for review in a higher court, and the parties agree that the case so made may be presented to the judge who tried the case for settlement and allowance, and the same is allowed and signed by the judge, but it does not show that he considered any amendments or that there were no amendments suggested, and it does not show that he considered and settled the case made, and it does not show that the parties were present at the time of the allowance and signing of the same and waived amendments, it does not sufficiently show that the necessary prerequisites have been complied with to make it a valid case made.

Memorandum.—Error from Cowley district court; M. G. Troup, judge. Action by J. Mack Love, William Upton, and Eliza Hill, as executors of the last will and testament of James Hill, deceased, against LaQuincy Phillips and LaQuincy Phillips and Edward D. Keys, as administrators of the estate of James Phillips, deceased, to set aside a judicial sale and sheriff's deed. Judgment for plaintiffs. Defendants bring the case to this court. Dismissed. The opinion herein, filed September 5, 1896, states the material facts.

*Charles L. Brown,* and *Madden & Buckman,* for plaintiffs in error.

*Pollock & Love,* for defendants in error.

The opinion of the court was delivered by

Johnson, P. J.: On March 1, 1889, James Phillips commenced an action in the district court of Cowley county upon two promissory notes for $650 each against Aaron H. Harnley, Martha J. Harnley, and

James Hill. Each of these notes had been made by Aaron H. Harnley and Martha J. Harnley in favor of James Hill, and had been sold by him to the plaintiff, James Phillips, and indorsed in blank. The Harnleys, being husband and wife, had given a mortgage to secure these notes to James Hill, and at the time the notes were indorsed by Hill to the plaintiff in that case he also delivered to the said Phillips the mortgage securing said notes, and Phillips also, in the same action, asked to have his mortgage foreclosed and the mortgaged property sold without appraisement, as provided in the mortgage, to satisfy the debt, and also asked for personal judgment against the defendants, Aaron H. Harnley, Martha J. Harnley, and James Hill. The two notes sued upon were made payable at different times, and at the maturity of one of the notes it was duly protested for nonpayment, but the other note was not protested, and therefore the action afterward proceeded, so far as the indorser, James Hill, was concerned, upon the note which was protested only.

After the commencement of the action upon the notes and to foreclose the mortgage, and before judgment, the defendant James Hill died testate, and the defendants in error in this case, J. Mack Love, William Upton, and Eliza Hill, were duly appointed the executors of his last will and testament, and the foreclosure action was revived in the district court of Cowley county in the name of said executors. At about the same time the plaintiff, James Phillips, died, and La-Quincy Phillips and Edward D. Keys, plaintiffs in error in this case, were duly appointed administrators of his estate, and the foreclosure action was revived in the district court of Cowley county in the names of such administrators.

After this petition in error was filed in the supreme court, the plaintiff in error LaQuincy Phillips married one Benson C. Lent, and after such marriage the said LaQuincy Phillips died testate and without children, leaving the said Benson C. Lent as her sole and only heir at law, and he was also appointed executor of said will ; and, as there was no other administrator appointed for the estate of James Phillips, deceased, upon the death of said LaQuincy Phillips Lent the said Edward D. Keys became the sole surviving administrator of said estate, and on the 5th day of December, 1893, this action was revived in the supreme court of this state in the name of Benson C. Lent, as sole heir at law and executor of the last will and testament of LaQuincy Phillips Lent, deceased, and Edward D. Keys, sole surviving administrator of the estate of James Phillips, deceased, and it now stands in this court revived in manner and form above stated.

After the revivor of the original action, as stated, in the district court of Cowley county, the necessary amended pleadings were filed and the issues made up, and the case was finally reached for trial in said court on the 1st day of February, 1890, and on that day judgment was rendered in favor of the plaintiffs against the defendants Aaron H. Harnley and Martha J. Harnley for the full amount due upon both promissory notes sued on in this action, and also a judgment foreclosing the mortgage and ordering the property described therein to be sold without appraisement, after six months from the date of said judgment, and barring the defendants Harnley from any interest in the mortgaged property. By consent and agreement between the plaintiffs and the defendants, the executors of James Hill, deceased, the case was continued until the next regular term, as to the liability of the exec-

utors of the Hill estate. At the next term, and on the 26th day of April, 1890, the case was reached for trial as between the plaintiffs and the executors of the Hill estate, and on that day judgment was rendered in favor of the plaintiffs against the executors of the Hill estate for the full amount of the note which had been protested, together with interest, amounting at that date to the sum of $810.67, and in the same judgment it was ordered that the real estate described in plaintiff's petition, and theretofore ordered sold by said court, be sold, as provided in the decree of said court theretofore entered in said action, and that after the payment of costs and taxes the balance of the purchase price be applied to the payment of the judgment against the executors of the Hill estate. All of the parties to that action were present in open court by their respective attorneys at the time both judgments were rendered, and no exceptions were taken by either party to any part of either of said judgments.

Afterward, and on the 11th day of August, 1890, being more than six months after the rendition of the first judgment above referred to, and in which decree of foreclosure was entered, the plaintiff caused an order of sale to issue in said case, commanding the sale of the real estate described without appraisement, as provided in said decree. Said order of sale was delivered to the sheriff on the 11th day of August, 1890, and he proceeded to advertise said real estate for sale in the manner provided by law, and gave public notice that he would sell the property without appraisement on the 15th day of September, 1890. This notice was published the regular length of time in the Arkansas City *Dispatch*, that being a weekly newspaper, printed and published in Arkansas City, in

Cowley county, being the same city in which the executors of the Hill estate resided. On two different occasions, about one week or 10 days before said sale, Charles L. Brown, one of the attorneys for the plaintiffs in that case, called the attention of J, Mack Love, who was one of the executors of the Hill estate, and also a member of the law firm of Eaton, Pollock & Love, who were the attorneys for said executors, to the fact that the sale was being advertised. On the day of sale the sheriff offered said property for sale to the highest bidder, pursuant to said advertisement. The executors of the Hill estate were not present at said sale, nor was any one there to represent them. Charles L. Brown, one of the attorneys for the plaintiff, attended said sale and purchased the real estate in the name of LaQuincy Phillips, for $150, that being the highest and best bid for said property, and the money bid was paid to the sheriff, and the proper credit given.

Afterward, and on the 17th day of September, 1890, the plaintiffs filed in said court their motion to confirm said sale, the return of the sheriff having been made at that time. On the same day that said motion was filed, J. Mack Love, one of the executors of the Hill estate and one of the attorneys for the executors, saw the motion on file and examined it. Afterward, and on the 19th day of September, 1890, there having been no objections made to the confirmation of said sale, the motion to confirm was considered by the court, and the decree rendered and entered to confirm said sale, and ordering the sheriff to make a deed to the purchaser. After the confirmation of said sale, and on the 1st day of October, 1890, the executors of the Hill estate filed a motion in said court to set aside said sale, which motion was con-

sidered by the court, and on the 2d day of October, 1890, upon objection being raised, the court held that it had no jurisdiction to consider said motion, and thereupon dismissed said motion without prejudice. Afterward, and on the 16th day of October, 1890, the sheriff·made to the purchaser at said sale a sheriff's deed for the property sold, which deed was recorded on the 17th day of October, 1890. Afterward, and on the 25th day of October, 1890, the defendants in error in this case, as plaintiffs, commenced this action against LaQuincy Phillips alone to set aside said sale and set aside said deed. To that petition the defendant in that case, LaQuincy Phillips, filed a demurrer, upon the following grounds: (1) That there was a defect of parties defendant, as shown by said petition; (2) that said petition did not state facts sufficient to constitute a cause of action in favor of plaintiffs and against the defendants. That demurrer was heard on the 21st day of April, 1891, and was by the court sustained as to the first ground therein, that there was a defect of parties defendant, but was overruled by the court as to the second ground therein, to which ruling the defendant at the time duly excepted.

Afterward, and on the 1st day of May, 1891, the plaintiffs filed their amended petition in said case, making LaQuincy Phillips and Edward D. Keys, administrators of the estate of James Phillips, deceased, additional parties defendant. Service was made upon said additional defendants, and on the 31st day of July, 1891, all of the defendants joined in an answer to said amended petition. Afterward, and on the 22d day of September, 1891, the case was regularly reached for trial. The defendants at the time of trial objected to the introduction of any evidence by the

plaintiffs under said amended petition upon the ground that the amended petition, together with the exhibits, did not state facts sufficient to constitute a cause of action, which objection was by the court overruled, and excepted to, and, a jury having been waived, the case was then tried to the court. At the close of plaintiffs' testimony the defendants filed a demurrer to said testimony, which was by the court overruled and exceptions taken. The court, upon full hearing, rendered judgment in favor of plaintiffs, the executors of the Hill estate, and against the defendants in that case, these plaintiffs in error, setting aside said sale and setting aside the deed to said real estate. The defendants below then filed their motion for a new trial, which was by the court, on consideration, overruled. The defendants below, having saved exception to all the rulings of the court, took time, made a case, and bring the matter here for review.

We are met at the first step in the review of this case with a motion to dismiss the petition in error for the reason that the case made was not settled, allowed and signed by the judge who tried the case, as required by law. The case does show that the attorneys for defendants consented in writing that the case might be presented to the judge who tried the case for allowance and settlement on the 24th day of December, 1891. It nowhere shows that the attorneys for plaintiffs waived their right to suggest amendments to such case made, nor does it show that amendments were not suggested by counsel for plaintiffs. It does not show that counsel for plaintiffs were present when such case made was settled, nor does it show that amendments suggested by counsel for plaintiffs were considered or passed upon by the judge in settling the case made, or that the right of the plaintiffs to

suggest amendments to such case made was ever in any way considered by counsel for defendants or by the trial judge. The record shows that the case was made and served on the attorneys for the plaintiffs below within the time allowed by the court, and that they consented that the case made might be presented to the Hon. M. G. TROUP, judge of the court, for allowance and settlement, on the 24th day of December, 1891, and that they waived notice of the time and place of settlement. The case was signed by the judge December 24, 1891.

Section 548 of the code of civil procedure provides :

"The case so made, or a copy thereof, shall, within three days after the judgment or order is entered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. . . ."

The record fails to show that the attorneys for the plaintiffs were present at the signing of the case. They had waived the service of notice of time and place and consented that the case made might be presented to the judge for settlement, but they did not agree or consent that the judge should sign the case as thus prepared, which was to be presented for allowance and settlement. The record does not show that the plaintiffs had waived their right to suggest amendments to the case as thus made, or that they had not suggested amendments, in writing, nor does it show that the judge settled the case. It shows that he signed and allowed it as a case made. It nowhere appears that the judge considered any amend-

ments or that none was suggested, or that the counsel had none to suggest, or that they had waived in any manner their right to suggest them. (*Safford v. Turner*, 53 Kan. 729 ; *Weeks v. Medler*, 18 Kan. 427 ; *M. K. & T. Rly. Co. v. Greenwood*, 1 Kan. App. 330 ; *Boot and Shoe Co. v. Martin*, 45 Kan. 767 ; *M. K. & T. Rly. Co. v. Roach*, 18 Kan. 592.)

The case made not showing that the same was settled by the trial judge as required by section 548 of the code of civil procedure, the case will be dismissed at the cost of the plaintiffs in error.

All the Judges concurring.