Magee v. Hartzell.

### WILLIAM MAGEE v. S. J. HARTZELL.
#### No. 251.

1. APPELLATE PRACTICE—*Rules of District Court.* Rules of a district court which are not contained in the record cannot be passed upon by this court.

2. —————— *General Appearance, When.* A party who has submitted a case to this court and briefed it upon its merits has made a general appearance herein.

3. BURDEN OF PROOF—*Prima Facie Case.* Where a person proves that he was in possession of a stock of goods and selling them at retail, after having traded for them and received possession from their former owner, when dispossessed by the sheriff, he has made a *prima facie* case, and it devolves upon the sheriff to show that the trade was made by the former owner with intent to hinder, delay or defraud his creditors, and that the purchaser knew of such intent.

Error from Chautauqua district court; A. M. JACKSON, judge. Opinion filed August 18, 1898. Reversed.

*C. E. Peckham*, for plaintiff in error.

*J. B. Ziegler*, and *J. D. McBrian*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced in the district court of Chautauqua county, by the plaintiff in error, as plaintiff, to recover from the defendant in error, as defendant, the possession of a stock of goods.

The evidence discloses that on October 28, 1892, Magee traded some horses, hogs, leases, a note and some cash to one J. T. Pershall for a stock of goods then being retailed by Pershall in Elgin, Chautauqua county, Kansas, and put his son, Sam. Magee, into possession of the goods and retained in his employ Harry Nulty. Sam. Magee, for his father, was continuing the retail sales, and adding to the stock from

time to time until November 8, 1892, when this defendant in error, through his deputy, levied several orders of attachment upon the goods, and took them as the property of J. T. Pershall. The jury returned a verdict for the defendant, and the court overruled the motion for a new trial and rendered a judgment upon the verdict, and the plaintiff brings the case here for review.

Defendant in error challenges our jurisdiction to hear this case, for the reason that the case was not made, served, settled and signed in compliance with the rules of the district court. The rules are not in the record, and we cannot consider this question.

Our jurisdiction is also challenged upon the ground that the records of this court do not show that a summons in error was ever issued or waived. This objection was raised for the first time in the brief of the defendant in error when the case was submitted and argued upon its merits. We think the defendant in error has made a general appearance in this court, and that his objection to our jurisdiction comes too late.

The real contention of the plaintiff in error is that the court erred in overruling the motion for a new trial, for the reason that the verdict is contrary to law and the evidence and should be set aside.

When the plaintiff had proven the trade with Pershall, and that he was in possession of the goods, he had made a *prima facie* case, and it devolved upon the defendant to show that Magee knew that Pershall was trading him the goods to hinder, delay or defraud the creditors of Pershall.

Counsel for the defendant in error argues that the burden was upon the plaintiff to establish the good faith of his transaction with Pershall. We conclude otherwise.

We have made a careful examination of the evi-

dence, and are unable to find any evidence tending to show that Magee had knowledge of Pershall's indebtedness, or that he was knowingly assisting him in hindering, delaying or defrauding his creditors.   We therefore conclude that the plaintiff in error was entitled to a new trial.

The judgment of the district court is reversed, and the cause remanded for a new trial.