THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. JOHN GUILD.

**No. 340.\***

PRACTICE, DISTRICT COURT — *Case-made — Making and Serving, Distinct Acts.* Under the provisions of sections 547, 548 and 549 of the code (Gen. Stat. 1889, ¶ ¶ 4648, 4649, 4650, Gen. Stat. 1897, ch. 95, §§ 588, 589, 590), making a case and serving a case are distinct acts on the part of the plaintiff in error, and an order extending the time in which to make a case does not necessarily include an extension of the time in which to serve the same.

---

\*Petition for an order to certify was allowed by the supreme court and dismissed December 9, 1899, for the reason that no summons in error was served on the defendant in error. In the judgment of dismissal the supreme court held that "an order granting an extension of time in which to make a case implies that it may be served on the opposite party within the same time." See 61 Kan.—REP.

Railroad Co. v. Guild.

Error from Washington district court; F. W. Sturges, judge.   Opinion filed November 16, 1898. Dismissed.

*Charles Smith*, and *W. F. Guthrie*, for plaintiff in error.

*J. W. Rector*, and *Powell & Powell*, for defendant in error.

The opinion of the court was delivered by

Mahan, P. J. : Defendant in error presents a question of jurisdiction.  He contends that there is no case-made presented to this court to authorize it to review the judgment of the court below.  This contention is based on the construction of sections 547, 548 and 549 of the code ( Gen. Stat. 1897, ch. 95, §§ 588, 589, 590).   At the time the judgment was entered, June 24, 1897, the court, at the request of the plaintiff in error, granted it sixty days from that date in which to make and serve a case.   There were several extensions of time allowed for making and serving a case, the last of which expired on the 1st day of January, 1898.   On the 30th day of December, 1897, before the expiration of the last extension, an order was made granting to the plaintiff in error until the 1st day of March, 1898, to make a case for the court of appeals.   The form of the order is : "For good cause shown, it is ordered that the time for making a case for the court of appeals is extended until the 1st day of March, 1898."   It will be observed that there is no provision in this order extending the time for serving the case.  There were several other orders made extending the time in which to make and serve a case, but all of them were made after the 1st day of January, 1898.

24—8 kan. app.

It is contended by counsel for plaintiff in error that this order is sufficiently broad to include the service; that the making of a case necessarily includes service on the other party. The statute clearly draws a distinction between making and serving a case. Section 547 says: "A party desiring to have any judgment or order of the district court or a judge thereof reversed by the supreme court may make a case, containing a statement of so much of the proceedings, . . . as may be necessary, . . ." Section 548 provides that the case so made, or a copy thereof, shall, within three days after the judgment, be served upon the opposite party or his attorney, who shall have three days to suggest amendments; that after the time has expired for suggesting amendments, the case so made and served shall be submitted to the judge to settle and sign the same, and after it has been settled and signed it shall be filed and attested by the clerk, with the seal of the court attached by direction of the court or judge. The section then provides: "The exceptions stated in a case-made shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the time they were taken." Section 549 of the code provides that the court or judge may, for good cause shown, extend the time beyond three days for making a case, and may also extend the time beyond the three days in which a case may be served, and may also direct notice to be given of the time when it will be presented for settlement. So, as we have said, the statute itself makes a clear distinction between the making and the serving of a case-made. It is intended to take the place of both the former bill of exceptions and that which was necessarily a part of the record without such bill of exceptions. It is well settled by the

Railroad Co. v. Guild.

supreme court that a party desiring a case to be reviewed must comply with the provisions of the statute providing therefor, unless something shall be waived by the opposite party.

The supreme court has likewise recognized the distinction between making and serving a case. In *B. K. & S. W. Rld. Co. v. Gillen*, 38 Kan. 673, 17 Pac. 334, it is said :

"Ninety days were given by the trial court to 'make a case.' Nothing was said in the order about the time within which 'the case' was to be served. It does not appear from the record that the case was ever served at any time, and there is nothing presented in the record, or otherwise, to show that service of the case was ever waived."

In *Weeks v. Medler*, 18 Kan. 425, the supreme court said : "The making and serving of a case are the acts of the plaintiff in error ; the suggestion of amendments the act of the defendant in error ; and the settling and signing of the case the duty of the judge." And it is said in the third clause of the syllabus in that case : "The jurisdiction of the judge to settle the case is a special and limited jurisdiction, which only arises at the times and under the circumstances specified by law." The same language is used in *M. K. & T. Rly. Co. v. City of Ft. Scott*, 15 Kan. 435.

The question of making a case was likewise under consideration in *M. K. & T. Rly. Co. v. Roach*, 18 Kan. 592, and again in *J. C. & Ft. K. Rly. Co. v. Wingfield*, 16 id. 217 ; also in *Ingersoll v. Yates*, 21 id. 90. In the case of *Denny v. Faulkner*, 22 Kan. 91, the court said :

"Now, it is contended that the exceptions taken to the rulings at the trial must be reduced to writing at the term ; that the continuance of the motion for a new trial does not continue the right to reduce the exceptions to writing ; and that no exceptions having

been reduced to writing during the term, no subsequent reduction of the exceptions to writing is of any validity.   Whatever might be true if the case stood upon a bill of exceptions, we think our statutes warrant a case-made with exceptions reduced to writing after the close of the term.   There is no inherent vice in so reducing exceptions to writing ; the legislature can authorize such action, and the question is one of policy only.    Until the provisions for a case-made the statute was clear, and compelled action during the term.    The court was not authorized to further extend the time.    But the court is authorized generally to extend the time for making a case.    No limitation is placed in the statute.    Full discretion seems to have been granted.    And the case-made is not the mere collection of the pleadings and previously prepared bills of exceptions—it is itself the statement of the proceedings and evidence, or other matters, or so much thereof as is deemed necessary to present the errors complained of.    It is an original document and not a compilation.   Extending the time to make it extends the time to make it completely and wholly.    It may all be done on the very last day of the extended time.    The testimony and exceptions may on that day for the first time be reduced to writing. This would seem logically to follow from the provisions of the general statutes.    But, as if to avoid any doubt, the legislature in 1870, and again in 1871, amended by providing that 'the exceptions stated in a case-made shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the term they were taken.'   This plainly implies that the exceptions are first reduced to writing when the case-made is prepared, and declares that they are to have the same effect as if reduced to writing at the time they were taken ; and the time in which they may be so reduced to writing, is as extensive as the time for making the case.''

The requirement of service of a case-made is a new feature which was made necessary by the fact that the time for making it was extended beyond the

Railroad Co. v. Guild.

term, and that the case could be settled by the judge in vacation.   So that the exceptions, instead of being reduced to writing and allowed at the time they are taken, in the progress of the trial and before the termination of the term of court, are reduced to writing by the preparation of the case.   Service on the opposite party is another matter.   The legislature doubtless had all this in view at the time it made the distinct provisions found in the third section of the statute above recited.

In *Ætna Life Ins. Co. v. Koons*, 26 Kan. 215, it was decided that the district judge has no power to extend the time for making a case after the time fixed by the statute and by the order of the court or judge has once elapsed.   The same rule is reiterated in *Hammerslough v. Hackett*, 30 Kan. 57, 1 Pac. 41.   In *Gimbel v. Turner*, 36 Kan. 679, 14 Pac. 255, it was held that the judge could not, after the time fixed for serving a case had expired without such service, settle and sign the same so as to give it any validity.

The special orders of the court extending time for serving the case which were made after the time had expired were without authority, by the force of these decisions.   This being the case the record is a nullity, and leaves us without jurisdiction to review the judgment of the district court.   The petition in error is dismissed, at the cost of the plaintiff in error.