## S. T. HARTZELL v. WILLIAM MAGEE.

### No. 11266.

1. PRACTICE, COURTS OF APPEALS — *Jurisdiction* — *Waiver*. The fact that a defendant in error includes in his brief arguments on the merits as well as arguments for the dismissal of the proceeding for want of jurisdiction will not estop him to deny the jurisdiction of the court.

2. ———— *Limitation Cannot be Waived*. Parties to a proceeding in error cannot by voluntary appearance, or even by agreement, confer upon an appellate court power to hear and determine a proceeding brought after the expiration of the time limited therefor.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges. Opinion filed June 10, 1899. Reversed.

*J. B. Ziegler*, for plaintiff in error.

*Charles J. Peckham*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, brought by William Magee to recover a stock of merchandise which had been previously seized by S. T. Hartzell as sheriff, upon attachment process. Magee claimed to have purchased the goods from J. T. Pershall, but the creditors of Pershall alleged that the transfer was fraudulent. Accordingly the good faith of the parties and the honesty of the transaction were submitted to a jury, but their verdict was against Magee. He attempted to take the case to the court of appeals, and when it came on for review in that court the jurisdiction of the court was challenged upon several grounds, one of which was that no summons in error had ever been issued or served, and that the

issuance and service of the same had not been waived. The court overruled the objections to the jurisdiction, and going to the merits decided that the verdict was contrary to the evidence, and the judgment was thereupon reversed. (*Magee v. Hartzell*, 7 Kan. App. 489, 54 Pac. 129.) The discretionary jurisdiction of this court was invoked, and upon an order made the case was certified here for review, and the first question presented to us is as to the jurisdiction of the court of appeals.

No summons in error was ever issued or served, and no written waiver of summons was filed, nor do we find any legal proof that such waiver was ever executed. The court of appeals, however, held that, as the defendant raised the objection in the same brief and in connection with the merits of the case, he had thereby conferred jurisdiction on the court, and for that reason that the jurisdictional objections were not available to him. This view does not meet our approval. A common practice, which has never been discouraged in this court, is for defendant in error to raise jurisdictional objections at the final submission of the case and to present them in the same brief with the merits. His argument is in the alternative, that the case should be dismissed for want of jurisdiction, but, if the court disagree with him on that point, that for reasons stated the judgment should be affirmed. This practice is a convenience to counsel and to the court, and the view taken here is that parties to a proceeding in error do not thereby estop themselves to deny the jurisdiction of the court. A waiver is not implied so readily in an appellate court as in one of general original jurisdiction, and proceedings in error must be brought in the manner pointed out by the statute. "This court cannot take

cognizance of a case not brought before it by regular process of law, nor in conformity with any of the statutes regulating the manner of bringing cases into this court.   Cases not so brought are irregularly here, and must be dismissed for want of jurisdiction.'' (*Adolph Cohen v. C. B. Trowbridge*, 6 Kan. 385 ; *Atkins v. Nordyke*, ante, p. 354, 56 Pac. 533.)

Again, if the briefing of the motion and the merits together could be treated as an effectual appearance, it came too late to confer jurisdiction on the court of appeals.   A proceeding in error is not in time unless it is brought within one year after the rendition of the judgment sought to be reversed.   The judgment in question was rendered on March 25, 1893, and the brief was not filed nor the so-called appearance made until 1898, more than five years after the judgment was rendered.   Parties to a proceeding in error cannot by voluntary appearance, or even by agreement, confer upon an appellate court power to hear and determine a proceeding brought after the expiration of the time limited therefor.

The judgment of the court of appeals will be reversed, and the cause remanded with directions to dismiss the proceeding in error.