61  213
68  514

THE CHICAGO, BURLINGTON & QUINCY RAILROAD
COMPANY v. JOHN GUILD.

No. 11,340.*  (59 Pac. 283.)

1. CASE-MADE—*Service.* An order granting an extension of time in which to make a case implies that it may be served on the opposite party within the same time.

2. PRACTICE, SUPREME COURT.—*Summons in Error.* The justices of the supreme court are authorized to prescribe necessary rules for the taking, perfecting and filing of appeals and proceedings in error brought from the court of appeals to the supreme court, and in pursuance of that authority rule 10 was made, requiring that, after an order to certify is made, the summons in error shall be issued.

3. ——— *Jurisdiction.* Unless summons in error is issued and served on the defendants in error, or the issuance and service of the same waived, the supreme court acquires no jurisdiction over them.

4. ——— *Case Followed.* The case of *Hartzell v. Magee,* 60 Kan. 646, 57 Pac. 502, followed.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed December 9, 1899. Dismissed.

*Charles Smith,* and *W. F. Guthrie,* for plaintiff in error.

*J. W. Rector,* and *Powell & Powell,* for defendant in error.

*For opinion by court of appeals, see 8 Kan. App. 368, 55 Pac. 555.—REP.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action to recover for personal injuries, in which John Guild obtained a judgment for $500 against the Chicago, Burlington & Quincy Railroad Company. A proceeding to review the rulings and judgment was brought in the court of appeals, where it was contended and held that that court was without jurisdiction because the case-made had not been served in time. (8 Kan. App. 368.) There had been several extensions of time granted for that purpose, and the last one was in effect that, for good cause shown, the time for *making* a case was extended. The words "and serving" were not included in the order, and it was argued that unless the order expressly extended the time to *serve* the case, it could not be served after the time fixed in the preceding extension. What was the purpose of the court in granting the last extension? Did it intend that a case should be made which could not be served nor made the basis of a proceeding in error?

While in one sense the making and serving of a case may be more than a single act, yet in practice the preparation and delivery of a case to the opposite party is frequently spoken of by both lawyers and judges as the making of a case. In section 549 of the code (Gen. Stat. 1897, ch. 95, § 590 ; Gen. Stat. 1899, § 4843), after providing for the making and service of the case and the suggestion of amendments, it is provided that the case, "when so made," shall be settled, certified and signed by the judge, making no mention of the service of the case. The words "so made" evidently include all the preliminary steps to the presentation of the case to the judge for settlement. Obviously the court intended in the order made

here that the case might be served within the time given, and we think that is fairly implied in the language used.   The court of appeals held otherwise, and dismissed the proceeding, and for that reason an order was made on application of the plaintiff in error directing that the case be certified to this court.

It was a case of discretionary certification, as authorized by section 9, chapter 96, Laws of 1895 (Gen. Stat. 1897, ch. 84, § 23 ; Gen. Stat. 1899, § 1864), and is no more than a permission further to prosecute the proceeding in error.

The defendant in error calls our attention to the fact that no summons in error has ever been served on him, and that he has not waived the issuance and service of such summons, and he therefore challenges the jurisdiction of this court to consider the merits of the case.   We think it was necessary to bring the defendant into court in the manner prescribed by the code and the rules of the court.   Section 13 ( Gen. Stat. 1897, ch. 84, § 27 ; Gen. Stat. 1899, § 1868) of the act referred to provides that the provisions of the statute regulating appeals and proceedings in error from the district to the supreme courts shall be adopted in cases brought from the courts of appeals to the supreme court, so far as the same are applicable.   It then provides that " the justices of the supreme court are hereby authorized and empowered to prescribe such rules and regulations, other than as provided by law, as may be necessary, respecting the taking, perfecting and filing of appeals and proceedings in error, and as to proceedings therein, in the supreme court and the courts of appeals."   In pursuance of this authority the supreme court made rule 10, prescribing the manner of invoking the discretionary jurisdiction of this court and the procedure in certifying cases

from the courts of appeals. It provides that, when an order of certification is made, "the clerk of this court will issue summons in error upon security for costs being given as in other cases." The issuance and service of process in such a case are essential and necessarily jurisdictional. The application to certify and all the steps preliminary to the order of certification are *ex parte*, and taken without notice to the defendant. He is given no notice of the order to certify, and the court obtains no jurisdiction over his person until he receives legal notice of the pendency of the proceeding. The order to certify is in effect the granting of leave to appeal or to institute a proceeding in error, and the issuance and service of process are just as essential in such cases as though an appeal were taken, or a proceeding in error brought as a matter of right.

It is contended that the issuance and service of process was waived by the defendant in error by applying to the clerk of this court for the record, and also by the service and filing of a brief. The application for the record and the examination of the same — the only way by which he could learn the nature of the proceeding — cannot be treated as a waiver of notice, nor can the service and filing of the brief. He raised the question when the case was set down for hearing — the first opportunity that was given him — and it was brought to the attention of this court in the brief, which also discussed the merits of the case. "The fact that the defendant in error includes in his brief arguments on the merits as well as arguments for the dismissal of the proceeding for want of jurisdiction will not estop him to deny the jurisdiction of the court." (*Hartzell v. Magee*, 60 Kan. 646, 57 Pac. 502; *Atkins v. Nordyke*, 60 id. 354, 56 Pac. 533.)

The proceeding will be dismissed.