## KINNEY v. McPHERREN.

No. 2532.   Opinion Filed May 12, 1914.

(140 Pac. 1149.)

1.   **APPEAL AND ERROR—Case-Made—Extension of Time to File—Service.**   An order granting an extension of time in which to make and file a case-made implies that it be served on the opposite party within the same time.

2.   **SAME.**   A purported case-made, which is not served within three days after the judgment or order is entered, or within an extension of time duly allowed, is a nullity, and cannot be considered by this court.

(Syllabus by Sharp, C.)

*Error from County Court, Bryan County;*
*J. L. Rappollee, Judge.*

Action by Ward Kinney against Chas. E. McPherren. Judgment for defendant, and plaintiff brings error. Dismissed.

*Crook & Kyle,* for plaintiff in error.

*McPherren & Abbott,* for defendant in error.

Opinion by SHARP, C.   The record in this case shows that judgment was rendered July 5, 1911, and a motion for new trial filed the following day. The motion for a new trial was overruled July 25, 1911, at which time an order was made by the court granting plaintiff "60 days in which to make and file a case-made." The case-made was served upon counsel for defendant in error September 25, 1911.

It will be observed that the order granting an extension of 60 days did not expressly extend the time to "serve" the case-made, but only to "make and file." We think, however, that the plain intention of the court and counsel was that the case-made should be served within the time granted, and that the omission of the specific term "serve" was not designed. While it is true that the making and serving of a case-made may be more than a single act, yet in practice the preparation and delivery of a

case-made to the opposite party is usually spoken of as the making of a case-made. *Chicago, B. & Q. R. Co. v. Guild,* 61 Kan. 213, 59 Pac. 283; *Butler et al. v. Scott,* 68 Kan. 512, 75 Pac. 496. See, in this connection, *Lathim v. Schlack,* 27 Okla. 522, 112 Pac. 968.

The case-made, having been served 62 days after the order was made by the court allowing 60 days for that purpose, and no further extension having been asked during the time fixed, is a nullity, and cannot be considered by this court. *Carr v. Thompson et al.,* 27 Okla. 7, 110 Pac. 667; *First Nat. Bank v. Oklahoma Nat. Bank,* 29 Okla. 411, 118 Pac. 574; *Hengst v. Thompson Oil & Gas Co.,* 37 Okla. 295, 131 Pac. 1075; *Cunyan v. Clemmer,* 33 Okla. 480, 126 Pac. 578.

It follows that the appeal should be dismissed.

By the Court: It is so ordeerd.