NELLIE WILLIAMSON v. R. J. WILLIAMSON.

(Filed September 6, 1905.)

1. PRACTICE—Case Made. The rules of the supreme court do not require that a "case made" shall be indexed, but only that counsel for the plaintiff in error, shall number the pages of the petition in error and record, before filing the same.

2. SAME—Methods of Appeal. The statutes of this Territory provide for two methods for bringing a case to the supreme court. There must be filed with the petition in error, a transcript of the proceedings in the court below, or a "case made".

3. APPEALS—Demurrer to Petition—Exception. The record in this case examined, and found that exceptions to the ruling of the trial court in sustaining the demurrer to the petition were sufficiently saved to present the errors complained of to this court.

4. JUDGMENTS—Set Aside When—New Trials. Section 4760, Wilson's Revised Statutes, 1903, authorizes the district courts to vacate their judgments and to grant a new trial, where fraud is practiced by the successful party in obtaining the judgment sought to be vacated; and where a party is sued in the district court, waives service of summons, and has had full opportunity to make any proper defense in the action and is not prevented therefrom by any fraud practiced by the plaintiff, but neglects to appear and defend in such action, such negligence is no ground for setting aside a judgment or for granting a new trial.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before*
*C. F. Irwin, Trial Judge.*

*G. S. Pearl* and *Baldwin & Marsh* for plaintiff in error.

*Joseph G. Lowe,* for defendant in error.

Opinion of the court by

BEAUCHAMP, J.: This action was commenced by the plaintiff in error against the defendant in error, in the district court of Canadian county, by petition under the provision of section 4760 Wilson's Statutes, to vacate a decree of

divorce previously entered in that court, divorcing the defendant from the plaintiff, and for a new trial on the grounds of fraud practiced by defendant in obtaining the decree. The defendant demurred to the petition, which was by the court sustained, and judgment given for the defendant for costs. Exceptions were saved by plaintiff, and she brings the case here by petition in error and case made for review.

It is contended by the defendant that the petition in error should be dismissed for the reason that the case made is not indexed as required by the rules of this court. The pages of the petition in error and the record are numbered, and that is all that is required or necessary in that respect.

Again it is contended that the record is not properly authenticated, and this proceeding should be dismissed for that reason, and it is argued, "that the clerk, not the judge, is the custodian of the records. The clerk alone can certify as to what the record contains. The judge cannot do it. The clerk does not certify that the record attached to the petition in error is correct, and a full and complete transcript."

The record filed with the petition in error does not purport to be a transcript of the record of the proceedings had in the case, but a "case made", and our attention is not directed to any defect in the record as a case made, and upon examination we find that it was served, settled, certified and signed by the judge as true and correct, and attested and filed by the clerk, all in due time and attached to and filed with the petition in error in this court, as provided by section 4443 and 4444 Statutes 1893.

Our statutes provide for two methods for bringing a case to this court. There must be filed with the petition in error

a transcript of the proceedings in the court below, or a case made. (*Wade v. Mitchell,* 14 Okla. 168.)

And again it is contended by the defendant in error "that no exception was saved to the ruling of the court sustaining the demurrer to the petition, and that therefore there is nothing in the record for this court to pass upon." In this we find that counsel is mistaken. The journal entry as disclosed by the record recites, "that to the order and ruling of the court and sustaining said demurrer the said plaintiff at the time excepted."

Having disposed of all of the preliminary questions raised by counsel, we will now proceed to dispose of the case upon the merits.

Does the petition state facts sufficient to constitute a cause of action, and to justify the relief demanded by plaintiff?

The petition alleges that the judgment was obtained by fraud practiced upon her by defendant through his attorney, George E. Bingham, in this to-wit: That Bingham, "after the allowance by the court of alimony *pendente lite* was made, went to Amarillo, Texas, where plaintiff was then engaged at work in a hotel to support herself, and told plaintiff, and represented to her, that the allegations of the petition then on file for a divorce from her, were such that she could not procure any of the property, money or effects that belonged to her and defendant, and that she could not afford to appear and resist said action for a divorce, but that out of the 'goodness of his heart,' that the defendant was willing to, 'give,' her the sum of two hundred dollars, and that defendant refused said sum. That Bingham as the attorney for defendant, and acting for him in the premises, by divers statements, sugges-

tions and hints worked upon the fears and loneliness of plaintiff, and by assuring her that she could only get $150.00 alimony all told, induced her to accept $300.00, and sign a waiver of appearance, and induced her to sign letters addressed to the clerk."

The record does not disclose when the waiver of service of summons was signed by plaintiff, but the judgment was rendered November 22, 1902. As will be seen the only allegation of fraud is of misrepresentation by defendant's attorney as to the amount of alimony that she could recover, and by which she was induced to make settlement of the property rights, and to sign a waiver of service of summons; there is no allegation that the defendant or his attorney practiced any fraud in obtaining the decree of divorce. The plaintiff had notice of the action against her, and if she had any defense she had full opportunity to present it. The waiver of the service of summons in no way prevented her from appearing in the case, and making any defense that she had. Negligence of a party is no ground for setting aside a judgment or for granting a new trial.

The statutes under which this action was commenced authorize the court to vacate the judgment and to grant a new trial where fraud is practiced by the successful party in obtaining the judgment sought to be vacated; and as the petition contains no allegation of fraud in obtaining the judgment, the order of the trial court sustaining the demurrer to the petition was right, and the judgment for costs necessarily followed.

The judgment of the trial court is therefore affirmed, with costs to plaintiff in error.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.