BETTIS v. CARGILE *et al.*

No. 479. Opinion Filed February 23, 1909.

(100 Pac. 436.)

1. **APPEAL AND ERROR—Service of Case-Made—Dismissal.** A party desiring to appeal has three days by statute in which to serve the case after the judgment or order appealed from is entered, and unless such case is served within that time, or within an extension of time allowed by the judge or court within said time, the case will not be considered in this court.

2. **SAME—Extension of Time.** Parties to the record cannot by stipulation, which is not approved by the court or judge, extend the time for making and serving a case-made.

3. **APPEAL AND ERROR—Defective Record—Correction.** The Supreme Court is authorized by act of the Legislature entitled "An act providing for the correction of court records," approved March 15, 1905 (Laws 1905, p. 322, c. 28), where it appears on appeal that any matter which is of record in the court from which the appeal is taken has been omitted from the record or case-made filed in the Supreme Court, to prepare such omitted parts under the direction of the trial judge, and file the same in the Supreme Court, which, when filed, shall have like force and effect as though such parts had been originally incorporated in the case-made when filed in this court; but the Supreme Court under said act is not authorized to supply omissions or make corrections in the record of the trial court.

(Syllabus by the Court.)

*Error from Jefferson County Court; C. E. Davis, Judge Pro tempore.*

Action by J. H. Bettis against A. C. Cargile and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*J. H. Harper,* for plaintiff in error.
*H. A. Ledbetter,* for defendants in error.

HAYES, J. This is an action of forcible entry and detainer originally brought in the county court of Jefferson county. At the trial of the case, the judge of the county court was disqualified, and a judge *pro tempore* was elected. From a judgment in favor of the defendants in error, who were plaintiffs in the court below,

plaintiff in error, who was defendant in the court below, has appealed to this court by petition in error and case-made. A copy of the judgment contained in the case-made recites that the case came on for trial on the 28th day of February, 1908, and from the recitals in the judgment it appears that judgment was rendered on that day, but the judgment is signed as follows: "C. E. Davis, Judge of the County Court, Jefferson . County, Oklahoma, *Pro Tem.* Done this 29th of February, 1908." There appears as a part of the case-made an acceptance of service of the case-made by R. E. Roberts, as attorney for plaintiffs, dated the 10th day of March, 1908. A motion to dismiss the appeal has been filed in this court upon the ground that the case-made was not served within the time provided by law.

Section 15 of article 7 of the Constitution (Bunn's Ed. § 187) provides that appeals and proceedings in error shall be taken from the judgments of county courts direct to the Supreme Court in all civil cases originally brought in the county court in the same manner and by like proceedings as appeals are taken to the Supreme Court from judgments of the district courts. By this section of the Constitution, the procedure governing appeals from the district courts to the Supreme Court, extended in force at the time of the adoption of the Constitution, governs appeals from the county court to the Supreme Court, and appeals may be made by petition in error with a transcript of the proceedings in the county court containing the final order or judgment appealed from, or by petition in error and case-made. Section 4738, 4741, Wilson's Rev. & Ann. St. Okla. 1903. The latter section cited provides that the case-made or a copy thereof shall within three days after the judgment or order is entered in the trial court be served upon the opposite party or his attorney. Section 4742 provides that for good cause shown the court or judge may extend the time of making the case and the time within which the case may be served. The case-made in the case at bar contains no order of the court extending the statutory time within which plaintiff in error may make and serve his case-made, and it appears that service

of the case-made was not had until after the expiration of three days after the entry of the judgment from which the appeal is taken. The certificate to the case-made recites that the case-made and the amendments thereto were duly served in due time, and it is insisted by plaintiff in error that this recital in the certificate of the trial judge to the case-made is conclusive against defendants in error as to the time in which the service of the case-made was had, and imports that it was had in due time, either as prescribed by the statute, or as extended by an order of court. A similar contention was considered and directly passed upon by the court in the case of *Board of County Commissioners of Day County v. Hubble,* 8 Okla. 209, 57 Pac. 163, in which it was held that, where it affirmatively appears in the record that the case-made was not served in due time, the certificate of the trial judge that it was duly served in due time is not sufficient, and that the certificate of the judge to the case-made imports only the truthfulness of the preceding statements in the case. In the absence of any order of the court extending the time in which plaintiff in error could serve a case-made, he had only three days in which to serve the same, and failure to serve within that time renders the case-made void, and this court is without jurisdiction to review any question attempted to be presented by the case-made. *Board of Commissioners of Garfield County v. Porter et al.,* 19 Okla. 173, 92 Pac. 152. All questions presented for reversal are presented by the case-made, and not upon transcript of the record.

It is further contended by plaintiff in error that counsel for defendants in error agreed to the extension of time in which both parties might suggest amendments, and to his answer to the motion to dismiss he has attached an affidavit of R. E. Roberts, who was counsel for defendants in error at the time of the trial, to the effect that such agreement was made. This agreement does not stipulate for extension of time in which to serve the case-made, but for extension of time in which to suggest amendments, and has no effect whatever upon the time within which the case-made was to be served, and, had the terms of the agreement between

counsel for the parties to this action been that the time for serving the case-made should be extended instead of the time for suggesting amendments, it could avail plaintiff in error nothing, in the absence of an order of the court extending the time in accordance with the agreement. *Horner v. Christu,* 4 Okla. 553, 46 Pac. 561.

Plaintiff in error, in support of his answer to the defendants in error's motion to dismiss, has filed a statement of the judge *pro tempore* before whom the case was tried. in which the judge *pro tempore* states that he was appointed on the 29th day of February, 1908, to try said cause, and did try the same on said date, and rendered judgment therein against plaintiff in error, and made an order allowing defendants 10 days in which to prepare and serve a case-made. This statement of the judge *pro tempore* is in direct conflict with the record certified to by him in the case-made, for it is recited in the copy of the judgment that C. E. Davis was elected judge *pro tempore* on the 28th day of February, 1908, and that the case came on for trial on that date, and from the recitals in the judgment it appears that judgment was rendered on that date. There is in the case-made no copy of any order extending the statutory time of three days in which to prepare and serve a case-made, nor is there anything in the case-made to indicate that such an order was made. The trial judge in his statement states that the court rendered judgment and made the order allowing 10 days in which to prepare and serve the case-made on the 29th day of February, 1908, but it is not stated by him, nor is it made to appear by any other evidence, that the order extending the time in which to serve the case-made is of record in the trial court. On the other hand, the record of the case as set forth in the case-made discloses no such order, and discloses that the judgment was rendered on the 28th day of February, 1908.

Section 1 of an act of the Legislature, entitled "An act providing for the correction of court records," approved March 15, 1905 (Laws 1905, p. 322, c. 28), authorizes this court, after any record or case-made is filed in this court in appeal taken, where

it appears that any matter which is of record in the court from which the appeal is taken has been omitted, to prepare, under the direction of the judge who tried the cause, such omitted parts and file the same in this court, and that such corrections shall then have like force and effect as though they had been originally incorporated in the record or case-made. But the provisions of this act do not authorize this court to begin proceedings to correct the record of the trial court, or to have *nunc pro tunc* orders made in that court or in this court in order that this court may obtain jurisdiction of a case on appeal. The party seeking the jurisdiction of this court from the judgment of the trial court has upon him the burden of preparing the record in his case so as to confer jurisdiction upon this court. If, after he has done so, and on appeal some part of the record in the trial court has been omitted or incorrectly stated in this court, and such is made to appear to this court, same under said act may be supplied or corrected; but there is no statute to our knowledge that authorizes this court to correct errors or supply omissions in the record of the trial court. This should be done by proceedings in that court.

Under the state of the record in this case the appeal should be dismissed; but, since the year within which an appeal may be perfected has not yet expired, and if plaintiff in error can correct the record of the trial court so as to show that the necessary order was made in that court to enable him to perfect his appeal to this court, he ought not to be precluded from undertaking such proceeding and perfecting his right of appeal, it is ordered that the appeal be dismissed without prejudice.

All the Justices concur.