## CARR v. THOMPSON *et al.*

### No. 562.   Opinion Filed July 12, 1910.

#### (110 Pac. 667.)

**APPEAL AND ERROR—Dismissal—Failure to Serve Case-Made.** A party desiring to appeal has three days by statute in which to serve the case-made after the judgment or order appealed from is entered, and unless such case-made is served within that time, or within an extension of time allowed by the judge or court within said time, the case will not be considered in this court.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action between Ira E. Carr and J. J. Thompson and others. From the judgment, Carr brings error.   Dismissed.

*Jennings & Diffendaffer,* for plaintiff in error.
*W. C. Henderson,* for defendants in error.

DUNN, C. J.   In this case error is sought to be shown in a judgment of the district court of Comanche county.   The motion for new trial was overruled on May 23, 1908, and thirty days' extension of time given plaintiff in error within which to make and serve a case-made.   A purported case-made was prepared by counsel for defendant, but not served on counsel for plaintiff until July 20, 1908, nearly thirty days after the time granted by the court had expired.   A case-made so prepared and served is void, and the district judge is without power to sign and settle the same, nor has this court jurisdiction to consider any alleged errors sought to be shown thereby.   *Devault et al. v. Merchants' Exchange Co.,* 22 Okla. 624, 98 Pac. 342; *London & Lancanshire Fire Ins. Co. v. Cummings et al.,* 23 Okla. 126, 99 Pac. 654; *Bettis v. Cargile et al.,* 23 Okla. 301, 100 Pac. 436.

The certificate of the trial judge contains the statement that the case-made was duly served in due time, but this will in no

wise cure the deficiency. Passing on this question, Justice Hayes, who prepared the opinion of the court in the case of *Bettis v. Cargile et al., supra,* said:

"The certificate to the case-made recites that the case-made and the amendments thereto were duly served in due time, and it is insisted by plaintiff in error that this recital in the certificate of the trial judge to the case-made is conclusive against defendants in error as to the time in which the service of the case-made was had, and imports that it was had in due time, either as prescribed by the statute, or as extended by an order of court. A similar contention was considered and directly passed upon by the court in the case of *Board of County Com'rs of Day County v. Hubble,* 8 Okla. 209, 57 Pac. 163, in which it was held that, where it affirmatively appears in the record that the case-made was not served in due time, the certificate of the trial judge that it was duly served in due time is not sufficient, and that the certificate of the judge to the case-made imports only the truthfulness of the preceding statements in the case. In the absence of any order of the court extending the time in which plaintiff in error could serve a case-made, he had only three days in which to serve the same, and failure to serve within that time renders the case-made void, and this court is without jurisdiction to review any question attempted to be presented by the case-made. *Board of Com'rs. of Garfield County v. Porter et al.,* 19 Okla. 173, 92 Pac. 152."

Being without jurisdiction to consider the errors sought to be presented, the petition in error is dismissed.

All the Justices concur.