JESSE J. DUNN, CHIEF JUSTICE.
SAMUEL W. HAYES,
MATTHEW J. KANE,       } JUSTICES.
JOHN B. TURNER,
R. L. WILLIAMS,

### COWAN v. MAXWELL.

No. 294.   Opinion Filed Sptember 13, 1910.

(111 Pac. 388.)

1.   APPEAL AND ERROR—Review—Case-Made—Time of Service.
A purported case-made, which is not served within three days
after the judgment or order appealed from is entered or within
an extension of time duly allowed, is a nullity, and cannot be
considered by this court.

2.   APPEAL AND ERROR—Review—Case-Made as Transcript.
Where a certificate to a case-made of a judge of a county court
who is also acting as clerk thereof embodies the essentials of a
certificate to a transcript of the record, this court will consider
the assignments of error alleged which appear on the face of the
record proper, though the case-made may fail by reason of lack
of service.

JUDGMENT—Res Judicata—Pleading—Sufficiency of Answer.
An answer which sets up a former adjudication in bar of the
pending action showing that the former suit was for the same
cause of action between the same parties and the judgment
rendered therein was on the merits of the case by a competent

Cowan v. Maxwell.

court with jurisdiction of the parties and the subject-matter of the action, and that the judgment rendered therein was still in force and effect, and had not been appealed from, is good, and error is not committed in overruling a demurrer filed thereto.

(Syllabus by the Court.)

*Error from Okmulgee County Court; J. L. Newhouse, Judge.*

Action between W. H. Cowan and L. T. Maxwell. From the judgment, Cowan brings error. Affirmed.

*Eaton, Beidleman & Carter*, for plaintiff in error.
*Mark L. Bozarth* and *W. D. Elrod*, for defendant in error.

DUNN, C. J. This case is before us on petition for rehearing filed to an opinion delivered January 11, 1910. The judgment appealed from was rendered June 1, 1908. Time was not extended for the making and serving of a case-made, but a purported copy of the pleadings, evidence, and judgment were compiled by plaintiff in error, and on the 19th day of June, 1908, the judge as clerk of his court attached a formal case-made certificate thereto, which is sufficient in terms to meet the requirements of a certificate to a transcript of the record. The purported case-made, not being served within three days after the judgment or order complained of nor within any extension of time granted by the trial court, is ineffectual to present for review any of the alleged errors occurring on the trial. *Carr v. Thompson et al., ante,* 110 Pac. 667; *Devault et al. v. Merchant's Exchange Co.,* 22 Okla. 624, 98 Pac. 342; *London & Lancashire Fire Ins. Co. v. Cummins et al.,* 23 Okla. 126, 99 Pac. 654; *Bettis v. Cargile et al.,* 23 Okla. 301, 100 Pac. 436. Viewing the case presented on the transcript, there is before us for our consideration by the petition in error but one assignment, which is that the court erred in overruling the demurrer to the answer. Counsel in their brief argue other propositions raised by the petition in error, rather than this one, but we have considered it for the purpose of ascertaining whether or not on the face of the record proper error is shown. The answer referred to seeks to plead a former judgment, and it appears to us that it sufficiently states the essential elements of such

a plea, so that it constitutes a defense to plaintiff's petition. It avers that the instant case was for the same cause of action between the same parties as a previous case, and that the judgment therein was rendered on the merits of the case by a justice of the peace with jurisdiction of the parties and the subject-matter, giving the date on which the same was rendered, and averred that it had not been appealed from. This in our judgment is sufficient. Section 127, art. 8, par. 4325, c. 66, Wilson's Rev. & Ann. St. 1903; section 6707, Comp. Laws 1909; 9 Ency. Plead. & Prac. pages 619, 620, and cases cited.

The former opinion in this case dismissing the petition in error by reason of defects in the case-made is accordingly recalled, and the judgment of the trial court is hereby affirmed.

All the Justices concur.

---

## ON REHEARING.

PER CURIAM. To the foregoing opinion counsel for plaintiff in error have filed a petition for rehearing, calling attention to the fact that the county judge acted as his own clerk, and an inspection of the record verifies this claim. On the transcript certified by the judge as the clerk of his court, however, nothing could be raised except errors apparent upon the face of the record. The only error of this character assigned by the plaintiff in error in his petition is that the court erred in overruling the demurer to the answer. This assignment of error is virtually abandoned by counsel in their brief, but we have investigated the question involved, and in our judgment, the answer was sufficient. It showed, if the statements therein are taken as true, that the former judgment which was sought to be pleaded in bar to the cause of action stated in the bill of particulars was for the same cause of action between the same parties, was rendered on the merits of the case by a justice of the peace with jurisdiction of the parties and the subject-

matter, and gave the date on which the same was rendered, and averred that the same had not been appealed from. This in our judgment was sufficient. Section 127, art. 8, par. 4325, c. 66, Wilson's Rev. & Ann. St. 1903; section 6707, Comp. Laws 1909; 9 Ency. Pleading & Practice, pages 619, 620, and cases cited.

The petition for rehearing is accordingly denied.