LATHIM v. SCHLACK.

No. 1623. Opinion Filed November 16, 1910.

1. APPEAL AND ERROR—Case-Made—Time for Making—Extension. A trial judge has no power to extend the time for making a case-made after the time fixed by the statute or the time fixed by order of the court or trial judge extending the statutory time for making the case-made, has elapsed.

2. APPEAL AND ERROR—Case-Made—Time for Service. A party desiring to appeal has three days under the statute in which to serve a case after the entry of the judgment or order ap-

pealed from; and, unless the case-made is served within that time or within the extension of time allowed by the court or judge within such time, the case-made is void and will not be considered by this court.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action between J. M. Lathim and G. D. Schlack. From the judgment, Lathim brings error. Dismissed.

*Chester A. Linbach,* for plaintiff in error.
*Arnote & Monk,* for defendant in error.

HAYES, J.  This appeal is from an order quashing a garnishee summons and discharging a garnishment after judgment. The order appealed from was rendered on the 22nd day of March, 1910.  On that date the court made an order allowing plaintiff in error ten days in which to prepare and serve his case-made, the defendant five days thereafter in which to suggest amendment, and the case to be settled on five days' notice.  No further action was taken in the case until the 18th day of April, 1910, on which date plaintiff in error applied for and obtained an order from the trial judge extending the time in which to sign and settle the case-made so as to include the 20th day of April, 1910.  It is not stated in this order that the time for serving the case-made is extended; and it is therefore doubtful whether the language of the order, if the order were not void for other reasons, would be sufficient to extend the time within which to serve the case.  But if the language of the order be treated as sufficient to include an extension of time for service of the case, the order is void for the reason that the extension of time granted therein was not allowed and the order was not made before the expiration of the period of time previously allowed by the court; that period having expired on the first day of April, 1910.

A trial judge, after the time for making and serving the case-made as allowed by the statute or as previously extended by the court has expired, has no power to extend further the time for

making and serving a case. *Ellis v. Carr*, 25 Okla. 874, 108 Pac. 1101; and a case-made not served within the time allowed by the statute, or within an extension of time allowed by the judge or the court within that time, is void and cannot be considered by this court. *Bettis v. Cargile et al.*, 23 Okla. 301.

It is also contended in the motion to dismiss that the manner of service of the case-made was defective, in that it was not served upon any of the persons designated by the statute, but, since for the reason already suggested the cause must be dismissed, it is not necessary to consider this contention.

The cause is dismissed.

DUNN, C. J., and KANE and TURNER, JJ., concur; WILLIAMS, J., not participating.