## McCOY v. McCOY *et al.*

No. 1935. Opinion Filed November 16, 1910.

1. **APPEAL AND ERROR—Case-Made—Time of Service.** A party desiring to appeal has three days by statute in which to serve the case-made after the judgment or order appealed from is entered, and unless such case-made is served within that time, or within an extension of time allowed by the judge or court within said time, the case will not be considered in this court.

2. **APPEAL AND ERROR—Record—Action on Motions.** Motions presented in the trial court, the rulings thereon. and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made.

(Syllabus by the Court.)

*Error from District Court, Caddo County; Frank M. Bailey, Judge.*

Action by Elizabeth McCoy against James and Lizzie McCoy. From a judgment giving insufficient relief, plaintiff brings error. Dismissed.

*Carlisle & Edwards,* for plaintiff in error.
*Morris & Starkweather,* for defendants in error.

DUNN, C. J.   This case presents error from the district court of Caddo county.   May 18, 1910, a motion for a new trial was overruled and judgment entered and plaintiff in error given sixty days within which to make and serve a case-made for appeal to this court.   Plaintiff in error prepared case-made, but did not secure service thereof until July 29, 1910, a date subsequent to the time extended by the trial judge.   The time originally given was not enlarged, and a motion has been filed by counsel for defendant in error to dismiss the petition in error for the reason that the case-made was not served within the time allowed, and that all the errors complained of in the petition in error are those which could be presented only by exceptions contained either in a transcript of the record or by case-made.   Counsel for plaintiff in error contend, in response to this motion, that they were misled by counsel for defendant in error, in that it is asserted counsel for defendant in error agreed not to take advantage of the delay of service of the case-made.   This question has frequently been before this court and the Supreme Court of the territory of Oklahoma, and it has been uniformly held that, unless the case-made is served within three days after the judgment or order, or within an extension of time allowed by the judge or court within said time, the case will not be considered in this court.   *Ellis et al. v. Carr*, 25 Okla. 874, 108 Pac. 1101.   Nor is the defense made to the motion available to plaintiff in error, for parties cannot, by stipulation even, extend the time for the making of a case-made unless the same is approved by the court or judge within the time fixed by statute.   *Horner v. Christy*, 4 Okla. 553; *Bettis v. Cargile et al.*, 23 Okla. 301, 100 Pac. 436.   The record presented contains a certificate by the clerk of the district court certifying the same as a transcript.   The specifications of error contained in the petition in error are that the court erred in not permitting plaintiff in error to file an amended petition during the progress of the trial, and in overruling plaintiff's motion praying an order that the judgment obtained be made a lien upon the land involved.   Neither of these orders of the court were brought into the record by a bill of ex-

ceptions, and hence are not a part thereof. The Supreme Court of the territory of Oklahoma, citing numerous authorities, in the case of *Menten v. Shuttee et al.,* 11. Okla. 381, held that:

"Motions presented in the trial court, the rulings thereon and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made."

It therefore follows that the motion of counsel for defendant in error to dismiss the petition in error must be sustained.

All the Justices concur.