CITY OF WAGONER *et al.* v. GIBSON *et al.*

No. 1559.   Opinion Filed February 6, 1912.

(121 Pac. 625.)

1. **APPEAL AND ERROR**—Record — Case-Made — **Service.** A purported case-made, which is not served within three days after the judgment or order appealed from is entered or within an extension of time duly allowed, is a nullity, and cannot be considered by this court.

2. **SAME**—Authentication. Where a case-made has been held void because not signed, settled, and allowed in time, and where the clerk of the trial court has failed to attach any certificate thereto, but instead attests the signature of the trial judge to the judge's certificate to the case-made, such record cannot be considered as a transcript of the record of the court below, and this court cannot consider the same.

(Syllabus by Sharp, C.)

*Error from District Court, Wagoner County;*
*John H. King, Judge.*

Action by W. M. Gibson, A. L. Snyder, and J. P. Calhoun against the City of Wagoner and J. E. Hildt. Judgment for plaintiffs, and defendants bring error. Dismissed.

*W. T. Hunt* and *A. C. Hunt,* for plaintiffs in error.

*Robert F. Blair, G. A. Bearden,* and *W. B. Moss,* for defendants in error.

Opinion by SHARP, C. This case presents error from the district. court of Wagoner county. On September 25, 1909, the demurrer theretofore filed by the defendant city of Wagoner to the plaintiffs' petition was overruled and exceptions saved, whereupon said defendant elected to stand on its demurrer.· Thereupon the court ordered the defendant J. E. Hildt to forthwith proceed to extend on its tax books all the property situated in that part of the city of Wagoner described in plaintiffs' petition, and to certify the same to the defendant city of Wagoner, that the taxes might be collected on said property. Defendant city of Wagoner prayed an appeal, and was given fifteen days' time in which to prepare and serve a case-made.

A purported case-made was prepared by counsel for defendant, but was not signed until the 15th day of October, 1909, and after the expiration of the fifteen days' time fixed by the former order of the court. The certificate of the trial judge contains the statement that the case-made was duly served in due time; but this is not sufficient, as a certificate of the trial judge to the case-made imports only the truthfulness of the preceeding statement in the case-made. In the absence of any order of the court extending the time in which plaintiffs in error could serve a case-made, the trial court was confined to the time previously fixed within which to sign and allow the same, and the failure to serve within that time renders the case-made void, and this court is without jurisdiction to review any question attempted to be presented by the case-made. *Board of Com'rs v. Porter et al.,* 19 Okla. 173, 92 Pac. 152; *Devault et al. v. Merchants' Exchange Bank,* 22 Okla. 624, 98 Pac. 342; *Bettis v. Cargile et al.,* 23 Okla. 301, 100 Pac. 436; *Ellis v. Carr et al.,* 25 Okla. 874, 108 Pac. 1101; *Lankford v. Wallace,* 26 Okla. 857, 110 Pac. 672; *Carr v. Thompson et al.,* 27 Okla. 7, 110 Pac. 667; *Cowan v. Maxwell,* 27 Okla. 87, 111 Pac. 388; *London & Lancashire Fire Ins. Co. v. Cummings et al.,* 23 Okla. 126, 99 Pac. 654; *McCoy v. McCoy et al.,* 27 Okla. 371, 112 Pac. 1040; *Maddox v. Drake,* 27 Okla. 418, 112 Pac. 969; *Willson ·v. Willson,* 27

Okla. 419, 112 Pac. 970; *Arnold v. Moss,* 27 Okla. 524, 112 Pac. 995.

It does not appear that any additional extension of time was granted, and this was indispensable to the authority of the court in signing the case-made on October 15th.

The error complained of is one arising upon the face of the record proper, which could have been considered had the appeal been brought by a transcript or had the case-made contained a certificate of the clerk as required by rule 16 of this court (20 Okla. x, 95 Pac. vii). But there is a total failure of any certificate, but instead merely the attestation to the trial judge's certificate. This is not sufficient, and we can therefore not consider the case as a transcript of the record of the court below. *Abel v. Blair,* 3 Okla. 399, 41 Pac. 342; *Bruce v. Casey-Swasey Co.,* 13 Okla. 554, 75 Pac. 280; *Wade et al. v. Mitchell,* 14 Okla. 168, 79 Pac. 95; *Walcher v. Stone et al.,* 15 Okla. 130, 79 Pac. 771; *Williamson v. Williamson,* 15 Okla. 680, 83 Pac. 718; *Mutual Trust Company v. Farmers' Loan & Security Co.,* 27 Okla. 414, 112 Pac. 967.

Being without jurisdiction to consider the error sought to be presented, the petition in error should be dismissed.

By the Court: It is so ordered.