## WOODS v. COLEMAN *et al.*

No. 1566.   Opinion Filed March 12, 1912.

(122 Pac. 234.)

1.   **APPEAL AND ERROR**—Record—Case-Made—Time for Making and Service.   A purported case-made, which is not served within three days after the judgment or order appealed from is entered or within an extension of time duly allowed, is a nullity, and cannot be considered by this court.

2.   **SAME.**   Where two orders extending the time for making and serving a case-made are made on the same day, one granting a 60-day extension from the date of the order, and the other 30 days from "the time heretofore granted," and an order of a prior date extending the time had been made, the latter or 30-day order will be deemed to have reference to such prior order, and not to the one contemporaneously made.

3.   **SAME**—"Heretofore."   The word "heretofore" in such case will be construed to mean any time previous to the day of the making of the order, and will not include time in addition to that contained in another order made on the same day.

(Syllabus by Sharp, C.)

*Error from District Court, Woodward County;*
*R. H. Loofbourrow, Judge.*

Action by W. S. Woods against C. C. Coleman and others. Judgment for defendants, and plaintiff brings error.   Dismissed.

*J. R. Dean, O. C. Wybrant,* and *C. W. McVicker,* for plaintiff in error.

*Charles Swindall,* for defendants in error.

Opinion by SHARP, C.   Plaintiff sued C. C. Coleman and nineteen others in the district court of Woodward county for the recovery of judgment in the sum of $1,450.06, with interest. The trial resulted in a judgment for defendants.   Motion for a new trial being overruled, the court on the 27th day of April, 1909, granted plaintiff an extension of 90 days time in which to prepare and serve case-made.   On July 16th thereafter, for good cause shown, an additional order extending the time for 90 days

from date thereof was granted. On September 17th thereafter a further order was made extending the time 30 days from the time theretofore granted in which to prepare and serve case-made. On October 15, 1909, two orders granting additional extensions of time were made. One gave to plaintiff 60 days from October 15, 1909, in which to prepare and serve upon defendants the record and case-made. This order was filed October 18th thereafter. The other order, made October 15th, provides:

"Now, on this 15th day of October, A. D. 1909, for good cause shown to the court, it is hereby ordered by the court that the time heretofore granted the plaintiff in the above-styled cause within which to make and serve a case-made therein for the Supreme Court of the state of Oklahoma be, and the same is hereby, extended for the period of thirty days"

—and was recorded October 25, 1909. The case-made was not served upon the opposing counsel until December 23d, and was signed and settled by the trial judge on February 10, 1910. The defendants in error have filed a motion to dismiss the appeal because the case-made was not served, settled, and signed within the time fixed by the order of the court.

A purported case-made which is not served within three days after the judgment or order appealed from is entered, or within an extension of time duly allowed, is a nullity, and cannot be considered by this court. *City of Wagoner et al. v. Gibson et al., ante,* 121 Pac. 625, and cases cited. A failure to serve within the time allowed by statute or the order of the court renders the case-made void, and this court is without jurisdiction to review any question attempted to be presented by such case-made.

It is insisted by plaintiff in error that the thirty-day extension, made October 15th, was supplemental to the sixty-day extension granted on the same day. We do not think so. The fact that the thirty-day order, extending the time, was filed subsequent to the sixty-day order, is of no consequence. Both orders were made on the same day, and the thirty-day order cannot extend the time fixed in the sixty-day order. It does not so read, and is not susceptible of such construction. The thirty-day

order, in the absence of some showing to the contrary, must be construed to have reference to the order of September 17th, which would have expired November 13th. To this order add the last order of 30 days, and the time would have expired December 13th.

We have been unable to find any authority sustaining the contention of plaintiff in error. The word "heretofore" in its common acceptation means "up to this time," "hitherto," "before," "in time passed." Webster's International Dictionary. Legally the word "heretofore" should be given the same construction as when used in an ordinary sense. 15 Am. & Eng. Enc. L. 336; 21 Cyc. 435; Anderson's Law Dictionary, 510. Section 2936, Comp. Laws 1909, provides:

"Words used in any statute are to be understood in their ordinary sense, except when a contrary intention appears, and except also that the words hereinafter explained are to be understood as thus explained."

In *Gilkey v. Cook,* 60 Wis. 133, 18 N. W. 639, it is said:

"Ordinarily, the word 'heretofore,' where it occurs in any statute, is construed to mean any time previous to the day when such statute takes effect."

In *Andrews v. Thayer et al.,* 40 Conn. 156, the court, in its discussion of the meaning of the word "heretofore" as used in a declaration, said:

"The word 'heretofore' simply denotes time past in distinction from time present or time future. It is only one of the three great divisions into which all time is divided by grammarians, time past, time present, and time future."

*Evansville & Crawfordsville Ry. Co. v. Barbee,* 59 Ind. 582; *People v. Baltimore & Ohio R. Co.,* 117 N. Y. 150, 22 N. E. 1026; *Bishop v. Schneider et al.,* 46 Mo. 472, 2 Am. Rep. 533.

We are not at liberty to presume that the thirty-day order of October 15th was, as contended for, intended to be supplemental to the sixty-day order, made on the same day. Containing the language that it does, we must conclude that it had reference to the order of September 17th, which, as shown, expired on November 13th. These orders were made contempo-

raneously, and we have no means of knowing which was made first, or what was the intention of the court other than by the language employed.    An order made contemporaneously with another differs materially from an order "heretofore" or "thereafter" made, unless by some proper reference it otherwise appears.    Only by adding the 30 days and the 60 days was the case-made served in time.    This, we hold, cannot be done.    Hence this court is without jurisdiction to consider the error sought to be presented, and the motion to dismiss the petition in error should accordingly be sustained.

By the Court:    It is so ordered.