## BETTIS v. CARGILE.

No. 1100.   Opinion Filed August 20, 1912.

(126 Pac. 222.)

APPEAL AND ERROR—Case-Made—Filing—Requisites—Motion to Dismiss. When a case is brought to this court by case-made, and the case-made was not served within the three days prescribed by statute (Comp. Laws 1909, sec. 6074), and no order was secured extending the time, and when the case-made does not contain an averment, by way of recital, that it contains all the evidence, and when no motion for new trial was filed or presented to the trial court, a motion to dismiss will be sustained.

(Syllabus by Ames, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by J. H. Bettis against A. C. Cargile. Judgment for defendant, and plaintiff brings error. Dismissed.

*J. H. Harper,* for plaintiff in error.

*H. A. Ledbetter,* for defendant in error.

Opinion by AMES, C. The motion to dismiss the appeal in this case must be sustained. The case is brought here by case-

made, and not by transcript. When the judgment of the trial court was entered against the plaintiff in error, no extension of time was secured by him within which to serve his case-made. Section 6074, Comp. Laws 1909, provides that the case-made shall be served within three days after the judgment is entered, and section 6075 authorizes the court or judge to extend the time for good cause. Here the case-made was not served within three days, nor was any order extending the time asked or allowed. The case-made was settled after the expiration of the three days, and under the repeated decisions of this court cannot be considered. *Devault v. Merchants' Exch. Co.,* 22 Okla. 624. 98 Pac. 342; *Bettis v. Cargile,* 23 Okla. 301, 100 Pac. 436.

In addition to this, the case-made does not contain the averment, by way of recital, that it contains all the evidence submitted or introduced at the trial, but seeks to disclose this fact by the certificate of the stenographer, while it has been specifically held by this court that the stenographer's certificate is not sufficient. *Finch v. Brown,* 27 Okla. 217, 111 Pac. 391; *Martin v. Gassert,* 17 Okla. 177, 87 Pac. 586. In addition to this, no motion for new trial was filed or presented to the district court, and it is well settled that errors occurring at the trial cannot be reviewed here, in the absence of a motion for new trial. *Stinchcomb v. Myers,* 28 Okla. 597, 115 Pac. 602; *Ahren-Ott, etc., Co. v. Condon,* 23 Okla. 365, 100 Pac. 556.

As previously stated, the cause is here by petition in error and case-made, and not by transcript, and therefore we are not at liberty to consider any questions that cannot be presented in the manner in which this appeal was taken. If it be true that the judgment sought to be enjoined was rendered in an action of unlawful entry and detainer by the county court in 1908, in an original proceeding, that court was without jurisdiction, and the judgment was void (*Crump v. Pitchford,* 24 Okla. 808, 104 Pac. 911), and doubtless there is some method of protecting the rights of the plaintiff in error, notwithstanding our inability to consider the case here on its merits.

The appeal should be dismissed.

By the Court: It is so ordered.