EDSON *et al.* v. HEROD *et al.*

No. 3878.   Opinion Filed September 11, 1912.

(126 Pac. 577.)

**APPEAL AND ERROR**—Case-Made—Delay in Service. A purported case-made, which is not served within three days after the judgment or order appealed from is entered, or within an extension of time duly allowed, is a nullity, and cannot be considered by this court.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Judge.*

Action between Lulu B. Edson and others and R. C. Herod, administrator, and others. From the judgment, Edson and others bring error. Motion to strike case-made sustained, and proceeding in error dismissed.

*D. K. Cunningham,* for plaintiffs in error.

*F. L. Boynton* and *Hinch & Bradley,* for defendants in error.

WILLIAMS, J. On April 25, 1911, the motion for new trial of plaintiffs in error having been overruled, they were given "90 days within which to prepare and serve a case-made for the Supreme Court," defendants in error being given "ten days within which to suggest amendments thereto," and the case-made to be settled upon five days' notice in writing. On January 18, 1912, plaintiffs in error having made application, the time theretofore given them for the purpose of making and serving a case-made

was extended 60 days, "in addition to the time heretofore allowed." The case-made was served on the defendants in error on April 11, 1912. Motion is now made to strike the case-made from the files, on the ground that it is a nullity, not having been served within time.

It has time and again been held by this court that a purported case-made, which is not served within three days after the judgment or order appealed from is entered, or within an extension of time duly allowed, is a nullity, and cannot be considered by this court. *Cunyan v. Clemmer, ante,* 126 Pac. 578; *St. Louis & S, F. R. Co. v. Rickey, ante,* 126 Pac. 735; *Woods v. Coleman,* 32 Okla. 244, 122 Pac. 234; *City of Wagoner v. Gibson,* 32 Okla. 14, 121 Pac. 625; *Haynes v. Smith,* 29 Okla. 703, 119 Pac. 246.

The record recites:

"And now on this 25th day of October, 1911, * * * and file their motion for a new trial which is by the court heard, considered, and overruled, to which the defendants except. And now the defendants are given 90 days within which to prepare and serve a case-made for the Supreme Court, and the plaintiffs are given ten days within which to suggest amendments thereto, and the same shall be settled upon five days' notice in writing of the time and place thereof."

The plaintiffs in error insist that the 90 days should begin to run from the date of the entering of the judgment on the motion for new trial, and that the record does not show on what date it was entered; that the date of rendition and entering of the judgment are not the same; that as the trial judge afterwards, on January 18, 1912, granted 60 days in addition to that theretofore allowed for serving case-made, and thereafter, on April 24th, signed and settled the same, the presumption is that the motion for new trial was not entered on October 25th, but upon a later date, so that the time given for serving the case-made brought it within the date on which it was served, to wit, April 11, 1912.

It is not essential for the purposes of this case to determine whether the term "entered" means the judicial act of rendition, for it appears from the first order of extension that "now (not

on the date on which this order is entered, but on this October 25, 1911) defendants (plaintiffs in error) are given 90 days within which to prepare and serve a case-made for the Supreme Court," and that thereafter, on January 18, 1912, "the time heretofore allowed defendants for the purpose of making and serving a case-made * * * is hereby extended 60 days in addition to the time heretofore allowed."

The motion to strike the case-made is sustained, and the proceeding in error dismissed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.