## HENGST v. THOMPSON OIL & GAS CO.

No. 1965. Opinion Filed September 12, 1912.

Rehearing Denied May 6, 1913.

(131 Pac. 1075.)

1. APPEAL AND ERROR—Case-Made—Time of Service. A purported case-made, which is not served within three days after the judgment or order appealed from is entered or within an extension of time duly allowed, is a nullity, and cannot be considered by this court.

2. SAME—Void Case-made as Transcript—Certificate by Clerk. Where a case-made has been held void because not signed, settled, and allowed in time, and where the clerk of the trial court has failed to attach any certificate thereto, but instead attests the signature of the trial judge to the judge's certificate to the case-made, such record cannot be considered as a transcript of the record of the court below, and this court cannot consider the same.

(Syllabus by Sharp, C.)

*Error from District Court, Creek County;*
*W. L. Barnum, Judge.*

Action by the Thompson Oil & Gas Company against William C. Hengst, as curator of Joseph A. Hengst, a minor. Judgment for plaintiff, and defendant brings error. Dismissed.

*Frank L. Mars, George L. Burke,* and *W. Morris Harrison,* for plaintiff in error.

*Preston C. West,* for defendant in error.

Opinion by SHARP, C.   On May 11, 1910, in the district court of Creek county, judgment was rendered in favor of the defendant in error against the plaintiff in error for $2,263.75 and interest on account of a refund due plaintiff for moneys advanced on an oil and gas mining lease upon a portion of the allotment of said Joseph A. Hengst, the lease never having been approved by the Secretary of the Interior, and no title therein or rights thereunder ever having vested in the said oil and gas company. Upon the rendering of judgment in favor of plaintiff, defendant asked and obtained an extension of 60 days in which to prepare and tender a case-made.

A purported case-made was served upon counsel for defendant in error August 5, 1910, 26 days after the expiration of the extension of time fixed in the decree of the court. No application for a further extension of time was asked or granted. As has been repeatedly held by this court, a party desiring to appeal has three days by statute in which to serve a case-made after the judgment or order appealed from is entered, and unless such case-made is served within that time, or within an extension of time allowed by the judge or court within said time, the case will not be considered in this court *Board of Com'rs v. Porter et al.,* 19 Okla. 173, 92 Pac. 152; *Devault et al. v. Merchants' Exchange Bank,* 22 Okla. 624, 98 Pac. 342; *Bettis v. Cargile et al.,* 23 Okla. 301, 100 Pac. 436; *Ellis v. Carr et al.,* 25 Okla. 874, 108 Pac. 1101; *Lankford v. Wallace,* 26 Okla. 857, 110 Pac. 672; *Carr v. Thompson et al.,* 27 Okla. 7, 110 Pac. 667; *Cowan v. Maxwell,* 27 Okla. 87, 111 Pac. 388; *London & Lancashire Fire Ins. Co. v. Cummings et al.,* 23 Okla. 126, 99 Pac. 654; *McCoy v. McCoy et al.,* 27 Okla. 371, 112 Pac. 1040; *Maddox v. Drake,* 27 Okla. 418, 112 Pac. 969; *Willson v. Willson,* 27 Okla. 419, 112 Pac. 970; *Arnold v. Moss,* 27 Okla. 524, 112 Pac. 995.

The judge's certificate recites that the case-made was duly served in due time; but this is not sufficient, as a certificate of a trial judge to the case-made imports only the truthfulness of the preceding statements in the case-made. In the absence of an order of the court extending the time in which the plaintiff in error could serve a case-made, service thereof could not be made beyond the time originally fixed; and a failure to serve within that time renders the case-made void, and this court is without jurisdiction to review any question attempted to be presented thereby.

The case-made contains no certificate of the clerk, but instead merely an attestation of the trial judge's certificate, hence cannot be considered as a transcript of the record, and we cannot therefore review such errors as might appear upon the record proper. *City of Wagoner et al. v. Gibson et al.*, 32 Okla. 14, 121 Pac. 625.

For the reason stated, the petition in error should be dismissed.

By the Court: It is so ordered.