## MOSS BREWING CO. v. STATE *ex rel.* DAVIS, COUNTY ATTORNEY.

No. 2501. Opinion Filed May 6, 1913.

**APPEAL AND ERROR—Dismissal—Failure to File Case-made.** A party desiring to appeal has three days, by statute, in which to serve a case-made after the overruling of the motion for a new trial has been entered; and unless such case-made is served within such time, or within the extension properly allowed by the court, the appeal will be dismissed.

(Syllabus by Robertson, C.)

*Error from District Court, Lincoln County;*
*Roy Hoffman, Judge.*

Action by the State of Oklahoma, on relation of John J. Davis, County Attorney, against the Moss Brewing Company, to recover statutory penalty. Judgment for plaintiff in the sum of $2,000, and defendant appeals. Dismissed.

*Burwell, Crockett & Johnson* and *M. D. Owen,* for plaintiff in error.
*Streeter S. Speakman* and *John J. Davis,* Co. Atty., for defendant in error.

Opinion by ROBERTSON, C. This is an action by the state of Oklahoma, on relation of John J. Davis, as county attorney, of Lincoln county, to recover a statutory penalty, from the Moss Brewing Company, for permitting the use of a building in violation of the prohibitory law. Judgment was entered in the lower court in favor of the plaintiff for $2,000, and defendant appeals. The defendant in error has filed a motion to dismiss the appeal, for the reason that the case-made was not prepared, served and filed in the time required by law. An examination of the record shows that the order of the lower court in overruling the motion for a new trial was entered on April 18, 1910, and no time was asked, or given, in which to prepare

and serve a case-made. On April 25, 1910, after the statutory three days time had elapsed, plaintiff in error asked for and obtained a so-called extension of time in which to make and serve a case-made. At the time this request was granted the trial court was wholly without jurisdiction in the premises and the order extending the time to make and serve a case-made was, therefore, a nullity.

After the motion to dismiss had been filed on the day the cause was submitted to this court for consideration, the plaintiff in error asked leave to withdraw the case-made for correction in order to make it show that an extension of time had, in fact, been allowed on the day the motion for a new trial had been overruled. This request was granted by this court and, thereafter, an extension of that time was again granted. Both periods have now elapsed, and the record has been returned without correction. We assume, therefore, that no correction can be made, and that the return of the record, without correction, is a confession on the part of plaintiff in error of the grounds set up in the motion to dismiss. At any rate, whether it is a confession or not, the grounds set up and urged by defendant in error in its motion to dismiss are good and sufficient, and the same should be sustained and the appeal dismissed, for the reason that this court has no jurisdiction. *Foulds v. Hubbard,* 36 Okla. —, 128 Pac. 108; *Heath v. Tanner,* 30 Okla. 598; 120 Pac. 636; *Carr v. Thompson,* 27 Okla. 7, 110 Pac. 667; *Cowan v. Maxwell,* 27 Okla. 87, 111 Pac. 388; *McCoy v. McCoy et al.,* 27 Okla. 371, 42 Pac. 1040.

There are other reasons why the appeal should be dismissed, but the consideration of the same is rendered unnecessary by reason of the foregoing conclusion.

The appeal should, therefore, be dismissed.

By the Court: It is so ordered.