## JORDON v. ST. LOUIS & S. F. R. CO.

No. 2919.   Opinion Filed October 14, 1913.

On Rehearing, September 15, 1914.

(143 Pac. 46.)

APPEAL AND ERROR—Case-Made—Certification as Transcript. An appeal attempted to be brought here by case-made, but which does not affirmatively show that it was served within the three days after judgment, nor within an extension of time properly allowed by the court, cannot, after the time allowed by the statute for filing an appeal has passed, be withdrawn and certified as a transcript for the purpose of having it considered as such.

(Syllabus by Brewer, C.)

*Error from District Court, Lincoln County;*
*Roy Hoffman, Judge.*

Action by L. M. Jordon against the St. Louis & San Francisco Railroad Company. From the judgment, Jordon brings error. Dismissed.

*W. L. Johnson,* for plaintiff in error.

. *R. A. Kleinschmidt, J. H. Grant, Fred E. Suits,* and *M. D. Owen,* for defendant in error.

Opinion by BREWER, C. This appeal is prosecuted by case-made. A motion for new trial was filed on December 12, 1910. The record fails to show when this motion was acted upon. The case-made was served on opposing counsel April 19, 1911. The record is not certified as a transcript.

The record before us failing to affirmatively show that the case-made was served within three days after final judgment, or within an extension of time properly allowed by the court, the same is a nullity, and presents nothing for this court to review. The cause is dismissed. *Com'rs v. Porter,* 19 Okla. 173, 92 Pac. 152; *Bettis v. Cargile,* 23 Okla. 301, 100 Pac. 436; *Lankford v. Wallace,* 26 Okla. 857, 110 Pac. 672; *Carr v. Thompson,* 27 Okla. 7, 110 Pac. 667; *Lathim v. Schlack,* 27 Okla. 522, 112 Pac. 968; *Willson v. Willson,* 27 Okla. 419, 112 Pac. 970; *McCoy v. McCoy,* 27 Okla. 371, 112 Pac. 1040; *School District v. Cox,* 27 Okla. 459, 112 Pac. 1041; *First Nat. Bank v. Oklahoma Nat. Bank,* 29 Okla. 411, 118 Pac. 574; *Bettis v. Cargile,* 34 Okla. 319, 126 Pac. 222.

## ON REHEARING.

It is contended, in the petition for rehearing and arguments thereon, that if appellant be allowed to withdraw the case-made it could be corrected so as to show by an order of court, to be added thereto, that the case-made was in fact served within the time allowed by the court, thus destroying the reason assigned heretofore for dismissing this appeal; but this would avail nothing, because on further examination of the record it develops that no exceptions were saved to the action of the court in overruling plaintiff's motion for a new trial. It has often been held

that to have the advantage of a review of matters occurring at the trial, the action of the court in refusing to grant a new trial must have been excepted to. So, to permit the withdrawal of the case-made and the correction permitted as suggested would avail the appellant nothing, for the reasons stated. Appellant further urges that he prepared a blank form of certificate, intending to have the clerk of the trial court certify this record as a transcript, but that through inadvertence he had failed to have the clerk so certify, and that he ought to be now permitted to withdraw the case-made and take it to the trial court and have the clerk attach his certificate thereto certifying the record as a transcript. This cannot be done. This case was filed in this court June 27, 1911, and the order of dismissal was entered on the 14th day of October, 1913, and the request of appellant to have the certification made was filed October 15, 1913. Therefore the request comes too late. So we find the case in this situation: It cannot be considered as a case-made as it now stands, for the reason given in the former order dismissing the case. If appellant is allowed to withdraw it and correct it as requested, it would be useless, because he could not present alleged errors occurring at the trial, because he had taken no exceptions to the order refusing a new trial. He cannot have the record certified as a transcript, and so examined for errors appearing on the record proper, because it is not here as a transcript, certified as such, and the time has long since passed for filing the appeal.

Therefore, for the reasons given in the former opinion and the ones above mentioned, the appeal should be dismissed.

By the Court: It is so ordered.