## CALLAHAN v. CALLAHAN.

No. 7115.   Opinion Fled April 27, 1915.

Rehearing Denied June 8, 1915.

(149 Pac. 135.)

1.   · APPEAL AND ERROR—Presentation for Review—Record. The filing of a petition in error in this court, without a case-made or transcript of the record attached thereto, is not sufficient to authorize the Supreme Court to review any of the errors alleged, and the proceeding will be dismissed.

2.   APPEAL AND ERROR—Record Proper—What Constitutes— Review. In this jurisdiction it is uniformly held that the record proper is made up of the petition, process, return, pleadings subsequent thereto, reports, verdicts, orders, and judgments; and a transcript thereof, when filed in this court with a petition in error, will confer jurisdiction on the Supreme Court to review any errors apparent on the face thereof.

3.   SAME—"Transcript of the Record." A certified copy of the final order or judgment in a case is not a transcript of the record within the meaning of the foregoing rule.

(Syllabus by the Court.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action between Henry Callahan and Tena Callahan. From the judgment, the party first mentioned brings. error.. Dismissed.

*Milton Brown,* for plaintiff in error.

*Walter T. Warren,* for defendant in error.

HARDY, J.   Plaintiff in error filed petition in error in this court on January 20, 1915, from which it appears. that on the 22d day of September, A. D. 1914, defendant. in error procured a judgment and decree of divorce against said plaintiff in error in the district court of Logan county, and on the 1st day of October, 1914, a. motion for a new trial was overruled and time granted to prepare and serve case-made. It is further alleged in the·

petition in error that case-made was served in due time, but that transcript of the testimony was not contained therein, for the reason that plaintiff in error was unable to get same from the official court reporter, and on January 18, 1915, the time for settlement of case-made was extended to March 19, 1915, which was more than four months after date of the order overruling the motion for a new trial. Plaintiff in error attaches to his petition in error certified copy of the judgment and decree of divorce, which is properly certified by the clerk of the court in which the decree was rendered. He also attaches thereto what he denominates "compared and sworn copies of the pleadings in said cause, and the notice of appeal," which are verified by affidavit of Milton Brown, attorney for plaintiff in error. A motion to dismiss was filed upon the ground that the purported transcript is not properly certified in accordance with rule 16 (38 Okla. viii, 137 Pac. x). The only certificate attached to the purported transcript of the proceedings is as follows:

"That the above and foregoing copy of the petition, answer and cross-petition, amendment to answer, and cross-reply, motion for new trial by defendant, and notice of appeal are identical copies of those appearing in the case-made, above mentioned, and that said copies are true copies of the original thereof, with indorsements thereon."

This certificate is signed and sworn to by Milton Brown, attorney for plaintiff in error, before a notary public.

The motion to dismiss must be sustained. The filing of a petition in error in this court, without a transcript of the record or case-made attached thereto, is not sufficient to authorize this court to review any of the errors alleged, and the proceeding will be dismissed. *Denny v. Wright et al.,* 13 Okla. 256, 74 Pac. 104; *Wade et. al. v. Mitchell,* 14 Okla. 168, 79 Pac. 95; *Williamson v. William-*

*son,* 15 Okla. 680, 83 Pac. 718; *Messmore et al. v. Given,* 40 Okla. 369, 138 Pac. 153.

There is no case-made attached, but the allegation is made that same will be attached when properly settled and signed by the trial court. By section 4971, Rev. Laws 1910, it is required that proceedings to reverse a decree of divorce must be brought within four months from the date of the order complained of. The order extending the time for settlement to March 19, 1915, extended the same beyond four months from the date of the order overruling the motion for a new trial, and a settlement of the case-made by the court after the expiration of the time fixed by law would be a nullity, and to attach same would not avail anything. *Reed v. Wolcott,* 40 Okla. 451, 139 Pac. 318; *Memphis Steel Construction Co. v. Hutchison, ante,* 147 Pac. 771.

Under the uniform rulings in this jurisdiction the record proper is made up of the petition, the process, return, pleadings subsequent thereto, reports, verdicts, orders, and judgments, and a transcript thereof, when accompanied by a petition in error, would authorize the Supreme Court to review any errors apparent thereon. Section 5146, Rev. Laws 1910; *Tribal Development Co. v. White et al.,* 28 Okla. 525, 114 Pac. 736.

A judgment and decree certified by the clerk is not sufficient as a transcript, and does not contain the matters necessary to be included in a transcript in order for the Supreme Court to review errors apparent on the record.

The petition in error is, therefore, dismissed.

All the Justices concur.