## WALKER *et al.* v. REGINALD.

No. 5765.   Opinion Filed September 7, 1915.

Rehearing Denied September 28, 1915.

(151 Pac. 680.)

**APPEAL AND ERROR—Case-Made—Making and Serving—Extension of Time.** When the time fixed for making and serving a case-made is allowed to elapse, the trial court thus loses jurisdiction of the cause, and an order subsequently made by the trial court extending the time for making and serving a case-made is a nullity; and a case-made, made and served by virtue of such order of extension, is a nullity, and confers no jurisdcition upon this court.

(Syllabus by Brett, C.)

*Error from District Court, Texas County;*
*R. H. Loofbourrow, Judge.*

Action by C. B. Walker and another against C. F. Reginald. Judgment for defendant, and plaintiffs bring error. Dismissed.

*Wm. M. Clark, James E. Bresling,* and *S. A. Horton,* for plaintiffs in error.

*Wm. Edens,* for defendant in error.

Opinion by BRETT, C. This is an appeal from the district court of Texas county. On the 7th day of May, 1913, the plaintiffs in error presented their motion for a new trial, which was on that date overruled, and the journal entry overruling said motion makes an order fixing the time for making and serving the case-made in the following language:

"It is further ordered and adjudged that plaintiff have 90 days in which to make and serve case; the defendant 20 days to make and suggest amendments; that plaintiff give three days' notice of settlement of case-made."

And on August 7, 1913, the plaintiffs in error obtained an order extending the time for making and serving their case-made, and, within the time fixed by this order extending the time, made and served the case-made. The matter now comes up on motion of the defendant in error to dismiss the appeal, because the order extending the time was made out of time, and after the district court had lost jurisdiction of the cause.

The record clearly shows that from the 7th of May, 1913, the date upon which the judgment fixing the time for making and serving the case-made was entered, until August 7, 1913, the date upon which the order extending the time was made, 92 days had elapsed. It is therefore

apparent that the district court had lost jurisdiction of the cause on August 7, 1913, for the reason that the judgment had at that time been allowed to become final, and the order extending the time made upon that date was a nullity; and the case-made, which was made and served in conformity to that order, conferred no jurisdiction upon this court. *Bray v. Bray,* 25 Okla. 71, 105 Pac. 200, and cases cited; *County Commissioners v. Porter,* 19 Okla. 173, 92 Pac. 152; *Bettis v. Cargile,* 23 Okla. 301, 100 Pac. 436; *Carr. v. Thompson,* 27 Okla. 7, 110 Pac. 667; *McCoy v. McCoy,* 27 Okla. 371, 112 Pac. 1040; *First National Bank v. Oklahoma National Bank,* 29 Okla. 411, 118 Pac. 574; and many other cases to the same effect.

We therefore recommend that the motion to dismiss the appeal be sustained, and the appeal dismissed.

By the Court:   It is so ordered.