SHOUMAKE et al. v. MANTOOTH,
Chief of Police.

No. 34595.　June 6, 1950.

*219 P. 2d 202.*

Tillman & Tillman and McCoy, Craig & Pearson, all of Pawhuska, and Leander Hall, of Hominy, for plaintiffs in error.

T. F. Dukes, of Hominy, Hamilton & Kane, of Pawhuska, and Kelly Brown, of Muskogee, for defendant in error.

PER CURIAM. The petition in error with case-made attached was filed March 17, 1950. The allegations of error are such as can be reviewed only on case-made and by consideration of the evidence.

A motion to dismiss has been filed for the reason that the case-made is a nullity and can serve no purpose to present a review of the alleged errors. The motion to dismiss must be sustained.

The case was tried before Honorable James T. Shipman, of the Eleventh Judicial District, assigned to hold court in the tenth Judicial District. Judgment was rendered on December 22, 1949. Motion for new trial was overruled December 27, 1949. This order gave plaintiff in error 45 days in which to make and serve a case-made. The time in which to make and serve a case-made expired February 10, 1950. The case-made was served on the 1st day of March, 1950. On February 4, 1950, Judge Shipman granted the application of plaintiff in error for further extension. This purported order is invalid and without force for the reason that the period of the assignment of the trial judge did not extend to and include the 4th day of February, 1950. The last day of the assignment of Judge Shipman was for one day, December 27, 1949, and no other assignment thereafter is shown to have been made authorizing Judge Shipman to act in the Tenth Judicial District.

In Southwestern Electric Co. v. Nunn Electric Co., 80 Okla. 6, 193 P. 973, it is stated:

"A district judge who has been assigned by order of the Chief Justice to hold court in a county outside of his district in which he is elected has no authority, after the expiration of the time fixed in the order assigning him to hold court in said county, to grant an extension of time in which to prepare and serve case-made in a case tried before him while lawfully holding court in such county."

See, also, Boswell v. Ingram, 104 Okla. 240, 230 P. 909; Graf Packing Co. v. Palphrey, 178 Okla. 95, 62 P. 2d 53; and Brown v. Tucker, 189 Okla. 615, 119 P. 2d 42.

Since the allegations of error can only be reviewed by case-made and the case-made served and settled under order of February 4, 1950, is a nullity, the appeal is dismissed.