**MAJORS et al. v. DENNIS.**

**No. 36161.**

Supreme Court of Oklahoma.

May 25, 1954.

valid order and the consent of the parties to an extension is of no effect without such valid order. Horner v. Christy, 4 Okl. 553, 46 P. 561; Bettis v. Cargile, 23 Okl. 301, 100 P. 436; McCoy v. McCoy, 27 Okl. 371, 112 P. 1040; J. W. Ripey & Son v. Art Wall Paper Mill, 27 Okl. 600, 112 P. 1119.

Defendants argue that by reason of 20 O.S.1953 Supp. § 103.1 an assigned judge is now authorized to enter orders of extension and that this enactment should be construed retroactively. Regardless of the effect of this act it could not apply to the facts involved in this case for the reason that the judge was not within the district when the orders were signed.

Appeal dismissed.

Champion & Champion, Ardmore, for plaintiffs in error.

George & George, Ardmore, for defendants in error.

PER CURIAM.

Judgment was entered for plaintiff in an action on a contract and thereafter on February 26, 1953, the assigned judge overruled a motion for new trial and extended the time in which to make and serve a case-made for 60 days. This order was entered under the power of his assignment and was valid. Thereafter on April 23, 1953, and on June 16, 1953, the assigned judge entered two orders extending the time in which to make and serve case-made. These orders were issued after the date of the assignment had expired and were therefore void. Shoumake v. Mantooth, 203 Okl. 168, 219 P.2d 202.

The time in which to make and serve case-made after the 15 days allowed by statute can only be authorized by a